Pee Cueiam.
 

 Joshua Wright obtained a verdict and judgment in the Circuit Court against Haynes. *And that court refused a new trial, upon which there was an appeal to this court. The case in substance is this, as appears upon the bill of exceptions. Haynes formerly sued Joshua Wright for damages done to his negro. Wright removed into Kentucky, leaving Peter Goodwin and Peter Lorance his bail, and appointing John Wright to act for him in managing the suit. After his removal, John Wright and Lorance submitted to arbitration, and there was an award against Joshua Wright for $200, to be paid to Haynes. John Wright paid him in negotiable notes, which Joshua
 
 *314
 
 Wright had left with him, and Haynes received the money dne upon them. For these notes the action of trover was commenced against Haynes by Joshua. As to any express power to arbitrate, which Joshua is alleged to have given to John, there was evidence both in affirmance and disaffirmance of that proposition. John Wright and Lorance. both swore before the arbitrators that they had power to submit; Lorance now swears that he had not.
 

 ' Upon this statement of facts we are called upon to say whether a new trial shall be granted. . We will here add another fact appearing on the record, and then proceed. This cause has depended eight or nine years. There have been two verdicts for the defendant, and this is the second verdict for the plaintiff. Different judges have presided in the Circuit Courts, and have had different views and opinions upon the subject. Whatever the justice of this case may be. it is better that we observe the rules laid down by our predecessors, than by indulging conjectural speculations prolong litigation and the mutual vexation of parties.
 

 It must be a strong case, indeed, where a verdict is founded upon mere evidence, without any intermixture of law, that this court will interpose in and set it aside. The jury judge of the credit of witnesses ; they receive impressions made by the appearance and manner of. witnesses whilst under examination. This
 
 *
 
 court cannot have the same advantages; so far as this or any other verdict depends upon mere evidence, nothing can warrant our interference therein, when there was evidence of weight on both sides. The jury have weighed it, and we cannot do it better. Where a verdict is founded upon matter of law, we can perceive, and perceiving ought to correct it if wrong. It is alleged in argument that here is an error in law, for that by the appointment of John Wright to be the attorney of Joshua, he had power .by law to submit to arbitration. Suppose such power be conferred by such appointment, still it may be restrained by express negative'words. Here is evidence of such restriction, and the jury may have believed it, and relied upon it. This consideration removes to the background the legal question.
 

 But if the cause were to be decided upon that question alone, we should rest upon the case, 1 Salk. 70; L. R. 246; 12 Mod. 129; Comb. 439; and Cro. C. 434, which refuse to an attorney the power contended for.
 

 
 *315
 
 If this were a bill in equity, perhaps it would not be improper to keep the money in Haynes’s hands till the question in the original suit of Haynes against Joshua should be tried, without prejudice from the award on either side. But in the present case we cannot do more than to affirm the judgment of the Circuit Court.
 

 See, as to
 
 verdicts, Murray
 
 v.
 
 Ruble,
 
 4 Hay. 203;
 
 Malone
 
 v.
 
 Deboe,
 
 4 Hay. 259;
 
 Bosley
 
 v.
 
 Smith,
 
 3 Hum. 406;
 
 Winnard
 
 v.
 
 Robbins,
 
 3 Hum. 614;
 
 Harbour
 
 v.
 
 Rayburn,
 
 7 Yer. 432;
 
 Wilson
 
 v.
 
 Notions, 5
 
 Yer. 211;
 
 Dodge
 
 v.
 
 Britain,
 
 Meigs, 84;
 
 Sellars
 
 v.
 
 Davis,
 
 4 Yer, 503. See King’s Digest, 635, 956, 9987, 11,369.