The State, for use, etc., *v.* Gannaway.

THE STATE, for use of Anna and Laura Fletcher, by next friend, *v.* EDWARD GANNAWAY *et al.*

1. APPEAL IN FORMA PAUPERIS.—*Perfection of.* Taking the oath prescribed for poor persons in case of appeal, and tendering it to the clerk, though he refuse to accept it, is a substantial compliance with the requirements of the law, and the appeal is thereby perfected.

2. CONSTITUTIONALITY OF THE ACT OF 1885, CHAPTER 27. The act of the Legislature of March 2, 1885, chapter 27, is an attempt to confer original jurisdiction upon the Supreme Court, and is therefore unconstitutional and void.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

PILCHER & WEAVER for complainant.

T. M. STEGER and M. B. HOWELL for defendants.

COOKE, J., delivered the opinion of the court.

By an act of the Legislature, approved March 27, 1885, chapter 65, section 1, acts first session, page 119, it was enacted: "That hereafter when an appeal, or an appeal in the nature of a writ of error, is prayed from a judgment, or a decree of any inferior court, to the Supreme Court, the appeal shall be prayed for and appeal bond shall be executed, or the pauper's oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise, before the adjournment of the court," etc.

By section 2 it is provided: "That in all cases where the appeal has not been prayed for within the

time prescribed in the first section of this act, the judgment or decree may be executed."

This act took effect from its passage. On June 2, 1885, a final decree was rendered in this cause by the chancery court against the respondent, J. Bloomstein, and others, for over $8,000, from which Bloomstein prayed an appeal to this court, and on June 3, 1885, the next day after the rendition of said decree, he obtained an order of said chancery court granting said appeal upon his giving bond, or taking the oath prescribed for poor persons, according to law. After the expiration of thirty days from the rendition of said decree, the term of said court still continuing, the complainants procured an execution to be issued upon said decree and placed in the hands of the sheriff. Whereupon Bloomstein presented his petition to the chancellor, together with the affidavit of the deputy clerk and master, by which it was shown that on said June 3, 1885, after said order granting his appeal upon his giving bond or taking the oath prescribed for poor persons, had been drawn up and passed upon by the chancellor and passed to the clerk to be entered upon the minutes of the court, Bloomstein appeared before the deputy clerk and master and took and subscribed the oath required to perfect his appeal in *forma pauperis*, and which was duly attested by said clerk, and tendered the same to said deputy clerk, in order to perfect his appeal, but the deputy refused to receive or file said oath, for the reason that said order granting said appeal had not been transcribed upon the minutes of the court, stating

that he would not receive it until said order was entered and the minutes signed by the chancellor, he taking upon himself to determine that said order was inoperative until this was done. And thereupon, instead of calling the matter to the attention of the chancellor and having the clerk properly instructed in relation thereto, the solicitor of Bloomstien took the affidavit, stating that he would keep it until the minutes were signed next morning, and then file it, which he failed, however, to do, until after the expiration of the thirty days and the issuance of said execution.

In addition to these facts, it was also shown by the affidavit of complainant's solicitor, that he was present when said affidavit was sworn to, and desired to take steps to dispauper said Bloomstein, and was ready to proceed to take his (Bloomstein's) deposition in regard to what property or what means he had, but that said respondent's solicitor objected to the same, and assigned or alleged, among other objections, that said affidavit had not been filed. No application, however, was made to the chancellor in regard to the matter.

The chancellor, after finding the facts substantially as above stated, held that it was the duty of said clerk to have received said oath when it was tendered on the 3rd of June, and that said appeal was then perfected, and ordered said execution to be recalled, and that said oath should then be filed *nunc pro tunc*, which was done, and a transcript of the record sent up to this court upon said appeal.

By another act of said Legislature, passed March 2, 1885, chapter 27, it was enacted by the second section of said act: "That where causes have been, or shall hereafter be brought to the Supreme Court under the pauper oath, if it be made to appear to the court, in term, at any time before the hearing, by the testimony of disinterested persons, taken before any officer authorized to take depositions, upon ten days' notice, either during the sitting of the court or in term time, that the allegation of poverty is probably untrue, the court shall dismiss the cause with costs, unless the person so dispaupered shall enter into bond with good and sufficient security conditioned and in the penalty prescribed by the court."

After the transcript was filed in this court, the complainants gave notice to Bloomstein that they would move this court, on December 8, 1885, to dismiss his appeal, first, because the pauper's oath for said appeal was not filed in the court within the time allowed by law; and second, to dispauperize said Bloomstein and dismiss said appeal.

Under the second clause of this notice, original depositions have been taken upon notice, before a notary public, for the purpose of showing that said respondent, Bloomstein, had sufficient property to enable him to give security for said appeal. And motions have been entered here to dismiss said appeal for the reasons stated in said notice, and which we are now to decide.

Upon the first ground specified in the notice, we have no difficulty in holding that the taking the

prescribed oath and tendering it to the clerk, and his refusal to receive it, was a substantial compliance with the requirements of the law on part of Bloomstein, and his appeal was then perfected. The order allowing the appeal was in force when announced by the chancellor, reduced to writing in form, and approved by him, although it had not been entered upon the minutes of the court. The respondent was entitled then to take said oath and have it filed as a mode of perfecting his appeal. The refusal of the clerk to file it was simply a mistake of his duty, and the order of the chancellor, when the matter was brought to his attention, directing said oath to be filed, was proper. The appeal having been perfected, in legal contemplation, within thirty days from the rendition of the decree, the execution was improvidently issued and was properly recalled by the chancellor.

The second ground of the motion is resisted, first, because as is insisted, the proof is not sufficient to dispauper the appellant; and, secondly, because the statute last above cited, is an attempt, by the Legislature, to confer original jurisdiction upon this court, and is therefore in violation of Article VI., section 2, of the Constitution of Tennessee, and is therefore null and void.

The clause of the section of the Constitution above referred to, is as follows: " The jurisdiction of this court shall be appellate only, under such instructions and regulations as may, from time to time, be prescribed by law, but it may possess such other jurisdiction as is conferred by law on the present Supreme

Court." This clause is taken verbatim from the same article and section of the Constitution of 1834, and which has been uniformly held to deprive this court of all original jurisdiction, and that the Legislature has no power to confer such jurisdiction upon it: *Miller* v. *Conlee*, 5 Sneed, 434; *State* v. *The Bank*, 5 Sneed, 473; *Ward* v. *Thomas*, 2 Cold., 565. But it may, independent of any statute, issue original process in aid of its appellate jurisdiction: 3 Hayw., 59; 3 Cold., 255.

Prior to the passage of the act in question, this court has uniformly refused to entertain similar motions to the one now under consideration, upon the ground that they involved the exercise of original and not appellate jurisdiction.

In the case of *Stewart* v. *Wilcox*, 1 Lea, 81, this court declined to entertain a motion to require a party to justify or give new security, because such action would be the exercise of original and not appellate jurisdiction. In *Scoggins* v. *Cowden*, 1 Lea, 134, this court declined to entertain a motion to compel the complainant to give a proper injunction bond, or in default thereof, to dissolve the injunction granted by the court below, and said this would be original and not appellate jurisdiction. In *Allen* v. *Harris*, 4 Lea, 190, this court refused to entertain an application to appoint a receiver, because such application made in this court would require the exercise of original jurisdiction. And in the case of *The State* v. *The Bank*, above cited, it was held that an act of the Legislature, which required this court to issue

9—VOL. 16.

a *sci. fa.* against the bank to show cause why its charter should not be abrogated, was to require this court to exercise original jurisdiction, and was therefore null and void.

The section of the act in question which requires this court to try an issue *in pais,* made for the first time in this court, upon original depositions taken at will by the parties, and filed as evidence in this court, and which proceedings constitute no part of the record of the court below is, as we think, under the authority of the above cited cases, too clearly a requirement of the exercise of original jurisdiction to admit of further discussion.   It is insisted, however, that this is saved by the latter part of said clause of the Constitution: "It (this court), may possess such other jurisdiction as is now conferred by law on the present Supreme Court."   And it is said the act of 1821, chapter 22, section 5 (Code, section 3194, T. & S.), which was in force at the time of the adoption of the present Constitution, as well as that of 1834, conferred the jurisdiction contended for upon this court. That section is as follows: "If it be made to appear to the court, at any time before the trial, by the testimony of disinterested persons, that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed." This provision appears in the chapter of the Code making provision for costs on the institution of civil actions, and applies only to the inferior courts, and the act of 1821, from which it is taken, was merely providing for the prosecution of suits in *forma pau-*

*peris*, when the parties instituting such suits were unable, by reason of their poverty, to bear the expenses of the suit, and which, by numerous decisions of this court, is held to apply to appeals which may be taken in the lower courts, in lieu of the bonds which otherwise are required to be there executed. It is true, it was said by the judge who delivered the opinion of the court in the case of *Andrews* v. *Page*, 2 Heis., 640, that if it be made to appear in this court the affidavit is not true, the case may be dismissed. That, however, was most clearly a mere dictum, as the only question raised or decided in that case was, as to whether or not a chancery court had the power to grant time, beyond the adjournment of the court, to take the pauper oath, upon an appeal prayed and granted to this court, and it was held that it had such power. That was all of that decision, and there it was not even said that such fact might be made to appear by evidence *dehors* the record from the court below. But this court, in construing section 3191 of the Code, in the same chapter and upon the same subject, where the language is: "Any person required by law to give security for costs may, at *any stage* of the cause, be ruled to give security," etc., held that the provision only applied to the inferior courts in such cases.

We are, therefore, of opinion, that the section of said act above cited, does attempt to confer original jurisdiction upon this court, and is in violation of the Constitution and void. The motion must, therefore, be dismissed with costs.