DUNN v. MOORE.—123 S. W. (2d) 1095.

Middle Section. April 16, 1938.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

Templeton & Stevens, of Fayetteville, for plaintiff in error Lucy Dunn.

Day Sugg and Lawson H. Myers, both of Fayetteville, for defendant in error Milton Moore.

CROWNOVER, J. This is a suit by Mrs. Dunn on a note for $1,200 with interest at the rate of 8% and attorneys' fees, the same having been instituted on May 16, 1936.

The defendant pleaded nil debet, his real defense being payment.

The case was tried by the judge and a jury. At the close of all the evidence the plaintiff made a motion for a directed verdict, which was overruled. The jury returned a verdict in favor of the defendant, Moore, and a judgment was entered dismissing the action.

The plaintiff's motion for a new trial was overruled, and she then made a motion for a verdict non obstante veredicto, which motion was

also overruled, to all of which she excepted, and appealed in error, on the pauper's oath, to this court and has assigned nine errors, which raise one determinative proposition:

The court erred in submitting to the jury the proposition whether said note was submitted to arbitration and paid, without submitting to the jury the question whether her agent for collection had authority to submit it to arbitration and to accept land in payment.

To be more specific, the assignments raise the incidental propositions that the court erred in overruling the plaintiff's motion for peremptory instructions because he submitted to the jury only one issue, which is, whether the plaintiff's said note was submitted by her agent for collection, John W. Sullivan, to arbitration and taken into an account in said arbitration of the matters between defendant Moore and Sullivan and settled and paid by the conveyance of his equity in one hundred acres of land made by Moore to Sullivan and his wife, and in failing to submit an issue to the jury whether her said agent for collection had authority to submit said note to said arbitration and to accept payment by the conveyance of the equity in the land; therefore there was no evidence to support the verdict.

The facts necessary to be stated are that the defendant, Moore, and John W. Sullivan went into the dairy business in Lincoln County, Tenn., and became involved in debts in 1930, and on March 28, 1930, they went to Huntsville, Alabama, and sought a loan of $1,200 from the plaintiff, Mrs. Dunn, said Sullivan being a nephew of Mrs. Dunn, and upon his recommendation Mrs. Dunn loaned the $1,200 to defendant Moore, for which he executed to her his note payable January 1, 1931, providing for 8% interest and reasonable attorneys' fees and costs of collection. Sullivan did not sign the note and it was not known by Mrs. Dunn that he was interested in the transaction. This money was used in the dairy business. Later the defendant Moore and Sullivan became worse involved in debts and had a disagreement, which it appears they could not settle, and in the latter part of 1931 they orally agreed to submit their differences to three arbitrators, R. W. Gaunt, John Scott, and Robert Wilson.

About this time Sullivan went to Huntsville and told his aunt, Mrs. Dunn, that Moore was about to convey all of his property to his wife and intended to take the bankrupt law, and he feared that she would lose her money. He asked her to give him the note for collection. She delivered the note to him without her indorsement for collection or for better security. He returned to Fayetteville and his matters were submitted to the arbitrators who met and went over all of their affairs, and on the night the arbitrators were to settle the matters he produced the note and stated that it must be settled. It appears that he and Moore had some disagreement about the matter and he became angry and they almost had an altercation. The arbitrators interfered and the note was given to them to be sub-

mitted to arbitration and settlement. All the three arbitrators testified that this note was taken into consideration and counted in the settlement and was paid by the defendant Moore conveying his equity in one hundred acres of land to John W. Sullivan and his wife, which deed was executed and delivered by Moore to Sullivan, who placed the same of record. The consideration was stated to be $1,409.88, paid in cash or its equivalent, but it does not refer to Mrs. Dunn's note or mention her name.

The said note, together with other notes, was put into an envelope and left at the hotel to be delivered to Moore when he executed the deed. After the deed was executed the notes were delivered to Moore and he retained said note after tearing his name off of the bottom of the note.

It appears that Sullivan later sold said tract of land but did not account to his aunt, Mrs. Dunn, for the proceeds of her note. She testifies that she did not know anything about the arbitration but delivered the note to him for collection or for better security and did not in any manner authorize him to submit it to arbitration or to accept payment in land.

Mrs. Dunn testified that sometime later she asked Sullivan about the collection of the note, but received no definite information, and thought he was still trying to collect it. She later consulted a lawyer who wrote to Gaunt in East Tennessee and tried in other ways to ascertain the facts, but he gave up the matter and advised her to employ some other lawyer. She said that she tried to interview Moore but he evaded her and she couldn't get any information about the matter, and in the latter part of 1935 she came back to Lincoln County and sought an interview with the defendant, Moore, on the public square in Fayetteville. He told her that the note had been settled and that he had possession of the note. She says this was the first information she had, and after consulting some lawyers she instituted this suit upon the theory that Sullivan was her agent only for collection or for the purpose of obtaining better security on the note and that she did not authorize him to submit it to arbitration or to take land in payment.

Sullivan testified, but he is indefinite as to the submission to arbitration, stating that he wasn't present and did not know what was done about the note or whether it was taken into account. His testimony is rather evasive and unsatisfactory.

All the arbitrators testified that the note was delivered to them and was counted in the settlement and that they directed the deed to be executed to Sullivan and his wife in settlement of the matter.

It appears that the trial judge took the view that as the note had been delivered to Sullivan for collection and accounted for in the arbitration and paid by the conveyance of the land, Sullivan had authority to submit it to arbitration and to accept land in payment;

and he therefore refused to submit the issue of Sullivan's authority to the jury.

1. The appellee has filed a motion in this court to dispauperize the plaintiff in error, it being insisted that she has property subject to execution and is not entitled to take the pauper's oath on appeal.

This motion must be overruled, as the question is raised on appeal for the first time. No question of the right to appeal on the pauper's oath was raised in the lower court. The power to inquire into the truthfulness of the pauper's oath unquestionably belongs to the trial court and it must be invoked therein or the appeal will be treated as having been regularly taken. Tennessee Procedure by Higgins & Crownover, sec. 1837; Campbell v. Lee, 12 Tenn. App., 293; State, to Use of Fletcher, v. Gannaway, 84 Tenn., 124, 16 Lea, 124.

2. We are of the opinion that the trial court erred in not submitting to the jury the proposition whether the agent for collection, Sullivan, was empowered to submit this note with his matters to arbitration, and whether he had authority to accept land in settlement of the note as was done.

Authority to submit to arbitration must be actual and special and only empowers the agent to assent to such matters as are customary and usual elements of arbitration agreements, which are not beyond his express mandate.

"The agent is without authority to submit to arbitration claims or accounts for or against his principal unless such submission has been directly or incidentally authorized. It has, indeed, been said that power to arbitrate must be established by showing an express grant; and it has been held not to flow from a variety of other powers with which agents have in particular cases been vested, such as the power to act as a general managing or superintending agent, to buy goods, or to settle claims, or to demand or even to sue for moneys due the principal.

"It must, even when expressly bestowed, be construed and pursued strictly, the principal not being bound by a submission to arbitration under circumstances or upon terms which constitute a departure by the agent from his mandate or embody an agreement to unusual terms or arbitrations." 2 C. J. S. Agency, 1343, sec. 119.

"A general agent has no authority to bind his principal to a submission to arbitration, and this is true although the agent may have the most ample power to bind the principal by his own acts and determinations; to be binding, such a reference can only be made under a special authority. A mere authority to receive payment or settle an account does not authorize the agent to submit the matter to arbitration, and the award is not binding on the principal." 2 Am. Jur. 151-152, sec. 191; Haynes v. Wright, 5 Tenn., 63, 4 Hayw., 63.

It is also insisted by the plaintiff in error that the agent had no authority to accept land in payment of the note.

█ "The general rule is that in the absence of express authority or custom to the contrary, the power of an agent authorized to collect or receive payment is limited to receiving that which the law declares to be legal tender, or which is by common consent considered and treated as money, and passes as such at par." 2 Am. Jur., 133, sec. 165; 2 C. J. S. Agency, 1282, sec. 107; Cooney v. Wade, 23 Tenn., 444, 4 Humph., 444, 40 Am. Dec. 657; Kenny v. Hazeltine, 25 Tenn., 62, 6 Humph., 62; Washington v. Johnson, 26 Tenn., 468, 7 Humph., 468.

An agent is not authorized to take chattels, merchandise, or land in payment of a debt, unless expressly authorized. 2 Am. Jur., 134, sec. 166; Restatement of the Law of Agency, sec. 72.

We think there is sufficient evidence to require the trial judge to submit these issues to the jury, as the plaintiff in error testified that she did not know anything about the arbitration and never authorized the note to be submitted to arbitration and did not authorize her agent for collection to accept land in payment of the note. There is other evidence in the record tending to support her, whereas the defendant insists and proved by the arbitrators that her agent stated to them that he had the note for the purpose of submitting it to arbitration and settlement and strongly insisted upon its being put into arbitration. There is some other evidence that she had some notice of the arbitration; hence we think the trial judge was correct in refusing to give peremptory instructions in favor of the plaintiff, but he should have submitted these questions to the jury.

3. It is insisted by the defendant that Mrs. Dunn had knowledge of the submission to arbitration and had authorized her agent for collection to put the note in the settlement and to accept a deed for the land in payment of the note, or that she soon hereafter had information of these facts and waited three years until after her agent had disposed of the property, and therefore she ratified his acts, and is now estopped to collect her note.

█ We think there is enough evidence for these matters to be submitted to the jury.

█ There must be an intention to ratify the unauthorized acts of an agent after the principal has knowledge of the transaction. 2 Am. Jur., 176, sec. 221; 2 C.J.S., Agency, 1088, sec. 44.

"In order to bind a principal by ratification, assent, or acquiescence in prior acts of his agent in excess of authority actually given, a knowledge of the material facts must be brought home to him; he must have been in possession of all of the facts and must have acted in the light of such knowledge." 2 Am. Jur., 179, sec. 224; 2 C.J.S., Agency, 1081, sec. 42; Somerville v. Gullett Gin Co., 137 Tenn., 509, 194 S. W., 576; Walker v. Walker, 52 Tenn., 425, 5 Heisk., 425.

418

It is insisted that as Sullivan had the note for collection and stated that he had it for settlement, his possession of the note implied authority to submit it to arbitration, citing Griswold v. Davis, 125 Tenn., 223, 230, 231, 141 S. W., 205. That case does not support such authority. Sullivan's possession of the note itself was only evidence of his authority to collect the amount due according to its terms. Stewart v. Donelly, 122 Tenn. (4 Yerg.), 177, 180; Washington v. Johnson, 26 Tenn. (7 Humph.), 468; Kenny v. Hazeltine, 25 Tenn. (6 Humph.), 62; Cooney v. Wade, 23 Tenn. (4 Humph.), 444, 40 Am. Dec., 657; 21 R. C. L. 869, sec. 44.

4. It is insisted that the court erred in not rendering a judgment non obstante veredicto in favor of the plaintiff, and this is assigned as error, the reason given being that the evidence showed that it was submitted to arbitration without authority. This is not the proper case for a motion non obstante veredicto, as no such motion can be entertained on the grounds that the evidence does not support or warrant the verdict. The evidence submitted can never be looked to for the purpose of determining the propriety of such a motion. See Tennessee Procedure by Higgins & Crownover, secs. 1515, 1627.

It results that the determinative assignment of error having been sustained the judgment of the lower court dismissing the action is reversed and the cause will be remanded to the Circuit Court of Lincoln County for a trial de novo. The costs of the appeal are adjudged against Moore, but the costs of the cause that accrued in the lower court will await the final determination of the case.

Paw, P. J., and Felts, J., concur.