# HARBOR et al. v. WALLACE.—211 S. W. (2d) 172.

Western Section.   June 11, 1946.

Petition for Certiorari denied by Supreme Court, January 11, 1947.

2

R. H. Rhodes, of Paris, for plaintiffs in error.

James W. Van Dyke, of Paris, for defendant in error.

BAPTIST, J. The parties will be referred to as in the Circuit Court.

The plaintiff, Bobbie Nell Harbor, by next friend, sued the defendant, Mrs. Julia P. Wallace, for damages alleged to have been suffered by plaintiff when struck by an automobile driven by the defendant. The plaintiff, W. C. Harbor, father of Bobbie Nell, sued for loss of services and medical expenses. By agreement the two separate suits were tried together in the Circuit Court and are presented here on one bill of exceptions.

At the conclusion of all the evidence, the Court, on motions of the defendant, directed a verdict in her favor in each case.

A motion for a new trial in each of the cases was over-ruled and the plaintiffs have appealed to this Court and assigned errors.

The only question here presented is on the action of the Circuit Judge in granting the motions for directed verdicts, and that question is controlled by the familiar rule that there is no power in the trial judge to direct a verdict where there is any dispute as to any material or determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried and further that the trial judge must take that view of the evidence most favorable to the party against whom the instruction is desired.

The declarations are in three counts; two of which charge common law negligence and the third statutory negligence.

The common law counts charge, in substance, that on the day of the injury, the plaintiff, Bobbie Nell Harbor, was a passenger on a bus traveling north from Paris, Tennessee; that at a point five or six miles from Paris the

bus stopped for her to alight and that she left the bus from its forward right hand door; that she waited until the bus started and then passed to its rear and started to walk toward the west side of the highway and while in the act of crossing the highway, the defendant, Mrs. Wallace, who was driving her automobile on the highway traveling south, carelessly, negligently and recklessly, and at a rate of speed greater than was reasonable or proper, without keeping a proper lookout, ahead, and without having said automobile properly equipped with stopping appliances, and without giving any warning or notice, ran into and collided with the plaintiff, throwing her to the pavement and seriously injuring her.

The statutory count is based upon an alleged violation of Sec. 2, C. 245 of the Public Acts for the year 1937 as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. Any person who shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, or so as to unnecessarily block, hinder or retard the orderly and safe use of the highway by those following, or so as to cause congestion on the highway, shall be prima facie guilty of reckless driving."

In each case the defendant pleads not guilty and contributory negligence.

The plaintiff, Bobbie Nell Harbor, testified that she was seventeen years old; that in December 1944 she was working at a cafe in Paris; that on December 24th she was on a bus traveling north in the afternoon; that she

was going to the home of Mr. Carrington for some of her clothing which she had left there; that she was occupying the front seat on the right hand side of the bus; that when the bus stopped in front of Mr. Carrington's home she got off and stood there and looked to the north on the highway; that when the bus was pulling off she went behind the bus and started across the road, where the Carrington home was located; that before she started across the road she looked in both directions; that she saw nothing coming; that it was a dark day and raining "pretty hard"; that she didn't see any car and didn't know when she was hit; that when she knew anything she was lying in the road.

The witness, Pat Roland, driver of the bus, testified that he stopped the bus for Miss Harbor to alight; that when she got on the ground he started the bus; that he saw the defendant, Mrs. Wallace, with her car before he stopped and she was about 100 feet distant; that he started the bus and at the time he started it Mrs. Wallace was about 50 or 75 feet away, traveling south toward Paris; that he saw Miss Harbor just after she hit the automobile; that he happened to glance in his rear view mirror; that she was struck by the left front fender right on the side of the fender.

The witness Mrs. Kate Carrington testified that at the time of the injury she was living in a home on the highway in question; that she was in her room standing at the window when she saw the bus stop and a car coming; "about the time I saw her she run into the side of the car"; that Mrs. Wallace's car stopped right beside the plaintiff; that all they had to do was to pick the plaintiff up and put her in the car; that Miss Harbor didn't hesitate and that she didn't look in either direction, but

just came out from behind the bus and hit the car, but she had her head down and had a scarf around her head.

The defendant, Mrs. Wallace, testified that she was driving her automobile on her right hand side of the road at about 30 miles per hour; that when she was about 75 feet away from the bus she saw that the bus was being pulled to its right apparently to stop; that she took her foot from the accelerator, applied the brake and began to slow her car; that when the bus stopped she and her companion Mrs. Bush saw that a passenger was getting off; that when the girl got off she immediately started putting on the brake; that the girl ran around the back end of the bus and, without looking in either direction, ran out across the highway; that when the girl stepped from the bus the front of defendant's car was even with the front of the bus; that when defendant saw that situation she applied her brake as hard as she could and swerved to the right as far as she could; that she stopped her car within about thirty feet after she observed that situation; that the car rolled perhaps five feet after the girl ran into it; that the front wheels and the right back wheel were off the pavement and the left rear wheel on the gravel at the edge of the pavement; that the plaintiff was running with her head down and ran into the back part of the left front fender.

The witness, Mrs. Bush, who was on the front seat of Mrs. Wallace's automobile, testified that she saw the girl get off the bus in a run and that she said to the defendant "she is running"; that at the time of that observation the automobile was practically on the bus; that the automobile was approximately at the back end of the bus; that she then saw the girl running with her head down directly across the road, without looking in either direc-

tion; that when this occurred Mrs. Wallace applied the brake with such force that the witness was pushed off of the seat; that the girl ran into the back part of the left front fender.

The witness C. H. Parks testified that there was a crest of a hill 170 yards north of the point where the bus stopped, and that the road was level and the view unobstructed from the crest of this hill and where the bus stopped.

The plaintiff testified that she had a clear view of the highway ahead out of the front window of the bus at the time the bus stopped and that she looked for traffic on the highway at that time; that she looked for traffic after she jumped off the bus; that before she started across the highway she looked to the north and south and didn't see anything; that her eyesight was good.

This testimony cannot be reconciled with the undisputed facts.

The automobile of the defendant was in plain and unobstructed view on the highway and if she looked, as she testified she either saw it or she is presumed to have seen it in the exercise of ordinary care.

The plaintiff calls our attention to the case of Studer v. Plumlee, 130 Tenn. 519, 172 S. W. 305, in which it is said that the rule that one about to cross a railroad track must stop, look and listen does not apply to one crossing a public highway; that such person is only held to ordinary care, and contends that this was a question for the jury in the case at bar.

██ While this rule means that a pedestrian has equal rights to the use of the highway with others using the same and is under the duty only of using ordinary care for his own safety and that such question is usually for

the jury, we do not think that, in the instant case reasonable minds can differ on the proposition that the plaintiff failed to use ordinary care in crossing the highway under the circumstances. An ordinarily prudent person would not have run from behind the bus and across the highway when an automobile was approaching from the opposite direction, which she saw, or should have seen in the exercise of ordinary care.

In the brief of the defendant, our attention is called to the case of Yoder v. Charleston Transit Co., 119 W. Va. 61, 68, 192 S. E. 349, 352, cited in Note, 113 A. L. R. 550, in which we think the correct rule is stated:

''If a pedestrian looks for approaching automobiles before attempting to cross a street or highway, he is presumed in law to have seen what he should have seen had his observation been careful and attentive. He cannot justify himself by saying that he looked and did not see the approaching car that injured him, when, if he had looked, he must have seen the car. Unless there is some circumstance or condition to excuse him, his failure to see the car constitutes negligence as a matter of law.''

We thing the late case of Stafford v. Consolidated Bus Lines, Inc., 179 Tenn. 185, 164 S. W. (2d) 15, controls the question presented in the case at bar. In the case cited the plaintiff was standing with two passengers when the bus stopped. While the bus was taking on passengers the plaintiff walked to the back of the bus, and, although claimed to have looked for vehicles in both directions before going behind the bus, on reaching the back end of the bus she ran from behind the same across the highway and was struck by an automobile going in the opposite direction.

The trial Court directed a verdict in favor of the defendant upon the ground that the accident was proxi-

mately caused by the independent act of the plaintiff in running out from behind the bus into the highway in front of the approaching automobile, and that such act on her part was an independent and intervening cause from any act of negligence imputed to the defendant, her·injury being one which defendant could not reasonably foresee or anticipate.

The Supreme Court found that the defendant Bus Company violated Code Sec. 2690 in its manner of parking the bus upon the highway, but affirmed the action of the trial judge upon the grounds stated and observed; "The facts are few, simple and uncontroverted and present a situation as to which reasonable minds could not differ."

The plaintiff earnestly contends that it was the duty of the trial judge to submit the case to the jury on the question of the defendant's failure to have her car under proper control and in failing to sound the horn to give notice of her approach. We are unable to agree with this contention.

We are of the opinion that reasonable minds cannot differ on the proposition that the plaintiff's injuries were caused by her independent, intervening act of running from behind the bus into the highway without any precaution for her own safety. Under these circumstances her negligence was the direct and proximate cause of her injuries.

The plaintiff, in her brief, contends that the doctrine of "last clear chance" is applicable in this case.

This doctrine is that even though the plaintiff was negligent, yet, if the defendant after discovering her peril, or by the exercise of ordinary care should have discovered it, could have avoided the consequence of such

negligence by the exercise of ordinary care and failed to do so, the defendant is liable.

We do not think there is anything in the case to warrant the application of this doctrine.

█ The declaration proceeds upon the assumption that the plaintiff was without fault, and her contention in the proof is the same. However, as stated, we think the proof shows without question, that the plaintiff's act in running across the highway when she saw or should have seen the approaching automobile, and, without taking any precaution for her own safety, constituted the proximate cause of her injuries.

We think the observation made by the Court in Zamora v. Shappley, 27 Tenn. App. 768, 173 S. W. (2d) 721, 723, apply with full force to the instant case.

"The plaintiff has made some references to what we know as the 'last clear chance' doctrine, but there was neither pleading nor proof to warrant the application of that rule; no pleading, because the averments of the declaration proceed upon the theory that the decedent was guilty of no negligence at all; no proof, because the negligence of the decedent amounted to a reckless disregard for his own safety and continued as a causal factor to the moment of the collision. See Southern Ry. Co. v. Whaley, 170 Tenn. 668, 98 S. W. (2d) 1061; and Todd v. Cincinnati Railroad Co., 135 Tenn. 92, 185 S. W. 62, L. R. A. 1916E, 555; Tennessee Cent. Ry. v. Ledbetter, 159 Tenn. 404, 19 S. W. (2d) 258."

█ A plaintiff who is so reckless as to be in disregard of his own safety may not be heard to invoke the doctrine of last clear chance. Todd v. Cincinnati, N. O. & T. P. R. Co., 135 Tenn. 92, at page 108, 185 S. W. 62, at page 66, L. R. A. 1916E, 555.

We conclude that there was no error in the action of the Circuit Judge in granting the motions of the defendant for directed verdicts in each of the cases, therefore, the assignments of error are overruled and the judgment of the Circuit Court affirmed.

The plaintiffs will pay the costs in the respective cases.

Anderson, P. J., and Ketchum, J., concur.