Billy SAULS, Plaintiff-Appellant,

v.

Patricia A. EVANS, Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

July 1, 1982.

Daniel J. Goodman and David W. McNabb, Knoxville, for plaintiff-appellant.

Darryl G. Lowe & Rebecca Gillen, Knoxville, for defendant-appellee.

OPINION

BROCK, Justice.

We granted an appeal in this case to review the action of the Court of Appeals, Judge Franks dissenting, which affirmed the action of the trial court in directing a verdict in favor of the defendant-appellee in this action for personal injuries arising out of a collision between the defendant's automobile and the plaintiff who was a pedestrian.

The accident occurred on Alma Avenue, a public street in the city of Knoxville, at about 7:30 a.m. on April 29, 1979. The plaintiff, Billy Sauls, and Daniel Rudd, employees of the Sanitation Department for the city of Knoxville, were accompanying a large yellow garbage truck which was being driven by another employee, Mr. Harold Varner, in a westerly direction along Alma Avenue at the time of the accident. Rudd was picking up garbage cans on the north side of Alma Avenue and the plaintiff was picking up cans from the south side of Alma Avenue and both were carrying the cans to the rear of the garbage truck, dumping them, and then returning the cans to the various residences from which they came. Thus, it was necessary for the plaintiff to cross back and forth over the east bound lane of Alma Avenue as the truck slowly proceeded down the street.

At the same time and place the defendant, accompanied by a younger brother and sister, was driving her Maverick automobile in an easterly direction on Alma Avenue when the left side of her windshield came in contact with the plaintiff who had stepped into the east bound lane of traffic from behind the garbage truck which at the time was equipped with flashing yellow lights. The impact broke the defendant's windshield. Alma Avenue at this location was straight and level but fairly narrow for a

two lane street. The weather was clear and visibility was normal.

At the conclusion of the plaintiff's proof which included the defendant's discovery deposition, the defendant moved for a directed verdict upon the ground that the plaintiff was guilty of contributory negligence as a matter of law and that the evidence failed to show negligence upon the part of the defendant. The trial judge directed a verdict in favor of the defendant upon the ground that the evidence established the plaintiff's contributory negligence as a matter of law; this was affirmed by the majority of the Court of Appeals which relied upon *Harbor v. Wallace*, 31 Tenn.App. 1, 211 S.W.2d 172 (1946) wherein it was said:

"'If a pedestrian looks for approaching automobiles before attempting to cross a street or highway, he is presumed in law to have seen what he should have seen had his observance been careful and attentive. He cannot justify himself by saying that he looked and did not see the approaching car that injured him, when, if he had looked, he must have seen the car. Unless there is some circumstance or condition to excuse him, his failure to see the car constitutes negligence as a matter of law.'" 211 S.W.2d at 175.

Judge Franks filed a dissenting opinion with which we are in agreement and from which we quote as follows:

"As the majority observes, *Harbor et al. v. Wallace*, 31 Tenn.App. 1, 211 S.W.2d 172 (1946), holds a pedestrian is held to see what was there to see as a matter of law. Significantly, the last sentence of the quotation from *Harbor* in the majority opinion qualifies this rule, *i.e.*, 'unless there is some circumstance or condition to excuse him [pedestrian], his failure to see the car constitutes negligence as a matter of law.'

"I believe the reasonable inferences that may be drawn from the evidence in this record establish a 'circumstance or condition' to excuse the plaintiff from his failure to observe the defendant's motor vehicle. Following the rule of review stated in the majority opinion, the evidence establishes that defendant stopped her motor vehicle in front of the garbage truck. While her vehicle was positioned in front of the garbage truck, the plaintiff looked from behind the truck and could observe the traffic lane for a distance of two blocks, saw no approaching vehicle and concluded the street was clear of traffic. As he started to cross the traffic lane, after taking two steps, he was struck by defendant who, without keeping a proper lookout, suddenly drove around the truck and accelerated from a stopped position approximately the length of the truck to a speed of 15 to 20 miles per hour at the time her vehicle struck plaintiff. Defendant also testified at one point that she 'swerved' around the truck. I believe the trier of fact could reasonably conclude that defendant was negligent in moving from a stopped position around the truck, rapidly accelerating her vehicle, which can be inferred from the evidence, and as a reasonably prudent person she would have expected garbage handlers to be moving to and from the rear of the truck which was displaying flashing, yellow lights. Further, the jury could conclude that the plaintiff acted reasonably when he looked and could not see the vehicle concealed in front of the truck and, seeing the street clear of traffic for two blocks, proceeded to cross the traffic lane, but if he was negligent, his contributory negligence is an issue for the jury."

Our review of the evidence in this record supports the scenario set out in the dissenting opinion of Judge Franks; accordingly, we conclude that the judgment of the Court of Appeals and of the trial court in directing a verdict in favor of the defendant was erroneous. Of particular significance is the conflict in the evidence with respect to the crucial point respecting the position or location of defendant Evans' car immediately prior to the accident. Reasonable minds could differ on the issues of negligence and contributory negligence.

The *rule which dictates our decision* requires that trial judges and appellate courts take the strongest legitimate view of the evidence in favor of the plaintiff, allow all reasonable inferences to be drawn therefrom in his favor, discard all countervailing evidence and deny the motion if there is any doubt as to the conclusions to be drawn from the whole evidence; a verdict should be directed only if reasonable minds could draw but one conclusion. *Holmes v. Wilson*, Tenn., 551 S.W.2d 682 (1977); *Crosslin v. Alsup*, Tenn., 594 S.W.2d 379 (1980).

The judgment of the Court of Appeals is reversed and this cause is remanded to the trial court for a new trial upon the merits. Costs incurred upon appeal are taxed against the defendant, Evans.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.