MARSHA R. WILLIAMS,   )
           )
  Plaintiff/Appellant,   )
           )  **Davidson Circuit**
           )  **No.  92C-715**
**VS.**          )
           )  **Appeal No.**
           )  **01-A-01-9610-CV-00488**
**SEARS, ROEBUCK AND COMPANY,** )
**d/b/a SEARS,**       )
           )
  Defendant/Appellee.   )

**FILED**

**March 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

**APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY**
**AT NASHVILLE, TENNESSEE**

**HONORABLE MARIETTA M. SHIPLEY, CHANCELLOR**

MARSHA R. WILLIAMS
153 Twin Oaks Drive
Nashville, TN 37211
PRO SE/PLAINTIFF/APPELLANT

KEENE W. BARTLEY, #9889
Schulman, LeRoy & Bennett
501 Union Street, Suite 701
P.O. Box 190676
Nashville, TN 37219-0676
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

       HENRY F. TODD
       PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **MARSHA R. WILLIAMS,** | ) |
| | ) |
| **Plaintiff/Appellant,** | ) |
| | ) **Davidson Circuit** |
| | ) **No. 92C-715** |
| **VS.** | ) |
| | ) **Appeal No.** |
| | ) **01-A-01-9610-CV-00488** |
| **SEARS, ROEBUCK AND COMPANY,** | ) |
| **d/b/a SEARS,** | ) |
| | ) |
| **Defendant/Appellee.** | ) |

# O P I N I O N

The plaintiff, Marsha R. Williams, has appealed from a jury verdict and judgment dismissing her suit for personal injuries sustained in a fall on the premises of the defendant, Sears, Roebuck & Company.

Plaintiff states the issues on appeal as follows:

A.     Whether the Trial Court erred by denying the Plaintiff's Motion For Judgment Notwithstanding The Verdict where the verdict of the jury was against the clear weight of the evidence because the Plaintiff established that the Defendant either created the injury causing condition or had notice of the condition.

B.     Whether the Trial Court erred by failing to grant the Plaintiff's Motion For A New Trial where there was insufficient evidence to sustain the jury's verdict that the Defendant was not negligent.

The uncontroverted evidence shows that, on April 24, 1991, plaintiff was in the retail store section of Sears Auto Center to which customers were invited; she inquired of an attendant as to a correction of a problem in the operation of her auto; thereafter, the attendant proceeded from the retail store through a door where there was a sign warning that customers should not pass through.

The evidence is controverted as to the circumstances under which plaintiff followed the attendant through the door. Plaintiff testified that the attendant invited her to follow him. The

attendant denied inviting plaintiff and testified that he was unaware that plaintiff was following him until after she fell.

It is uncontroverted that plaintiff fell and was injured, but the cause of her fall is controverted. Plaintiff testified that she slipped in a liquid on the floor. The attendant testified that no liquid was found in the place where plaintiff fell.

Upon the foregoing evidence, the jury returned a verdict for the defendant and judgment was entered accordingly.

Plaintiff filed a "Motion for Judgment Notwithstanding the Jury's Verdict or alternately, for an Additur or for a New Trial." The Trial Court entered the following order:

> This matter came to be heard on plaintiff's pro se motion for judgment not withstanding the verdict, additur, or new trial. The Court upon review of evidence and the record presented at the trial being of the opinion that the Court agrees with the verdict of the jury and that the jury's verdict should be approved.
>
> It is thereby ORDERED, ADJUDGED AND DECREED that plaintiff's motion for new trial, or judgment not with-standing the verdict should be denied. It further appearing there was no judgment for which an additur could have been ordered, the Court hereby denies the motion for additur. All costs of this motion are assessed to the plaintiff for which execution may issue.

After filing notice of appeal and bond, plaintiff filed the following motion:

> Plaintiff, Marsha R. Williams, proceeding pro se, hereby respectfully requests that this court require, for the purpose of filing an appeal, the partial transcript of the trial and of the new trial motion to be produced upon the reimbursement to Defendant of one-half of court reporter's per diem and upon payment of the fee for transcription. Plaintiff offered this customary cost, but it was refused (see attached correspon-dence). Plaintiff further requests that the partial trial transcript and new trial motion transcript be accepted for the purpose of filing an appeal and that a sufficient amount of time be allowed for preparation of the transcripts.

Defendant resisted the motion, and the Trial Court entered the following order:

> This matter came to be heard on Plaintiff's transcript release motion on August 2, 1996. The Court upon review of the evidence presented agrees that the trial transcript and the new trial motion transcript be released for production upon the reimbursement to defendant of one-half of court reporter's per diem and upon payment of the fee for transcription.
>
> It is thereby ORDERED, ADJUDGED AND DECREED that plaintiff's motion for release of transcripts be granted. All costs of this motion are assesse (sic) to the plaintiff, for which execution may issue.

On appeal, plaintiff insists that the Trial Court erred in overruling her motion for judgment notwithstanding the verdict "because the verdict of the jury was against the clear weight of the evidence."

It has been held that motion not withstanding the verdict (non obstante veredicto, JNOV) is a test of the pleadings and cannot be used as a substitute for a motion for a new trial. *Bluff City Buick Co. v. Davis*, 201 Tenn. App. 593, 323 S.W.2d 1 (1959); *Citizens Trust Co. v. Service Motor Car Co.*, 154 Tenn. App. 507, 297 S.W. 735 (1927).

It has also been held that a motion for judgment NOV is inapplicable to questions of evidence. *Davis v. Wilson*, Tenn. App. 1974, 522 S.W.2d 872; *Buice v. Scruggs Equipment Co.*, 37 Tenn. App. 556, 267 S.W.2d 119 (1954); *Jamison v. Metropolitan Life Insurance Co.,* 124 Tenn. App. 398, 145 S.W.2d 553 (1941); *National Life & Accident Ins. Co., v. American Trust Co.*, 17 Tenn. App. 516, 68 S.W.2d 971 (1934).

It has also been held that a motion for judgment notwithstanding the verdict cannot be entertained on the ground that the evidence does not warrant the verdict, and the evidence cannot be examined in determining the propriety of such a motion. *Dunn v. Moore*, 22 Tenn. App. 412, 123 S.W.2d 1095 (1939).

More recently, it is held that, under T.R.C.P. Rule 50.02, no motion for judgment NOV can be entertained on the ground that the evidence does not support the verdict or justify the intervention of a jury. *Rupe v. Durbin Durco, Inc.*, Tenn. App. 1976, 557 S.W.2d 742. Rule 50.02 provides:

> Reservation of Decision on Motion. - Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within thirty (30) days after the entry of judgment a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion for a directed verdict; or if a verdict was not returned, such party, within thirty (30) days after the jury has been discharged, may move for a judgment in accordance with such party's motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

It has also been held that, on motion for judgment notwithstanding the verdict in favor of plaintiffs, where no question of credibility is involved, every inference reasonably to be drawn from the evidence must be drawn in favor of plaintiffs, taking the strongest legitimate view of the evidence, upholding the verdict, assuming the truth of all that tended to support the judgment, discarding all contrary evidence and allowing all reasonable inferences to sustain the verdict. *Multens v. Seaboard Coastline, Ry. Co.*, Tenn. App. 1974, 517 S.W.2d 198.

In *Eaton v. McClain,* Tenn. 1978, 891 S.W.2d 587, cited by plaintiff, Mrs. Eaton, fell down a stair and sued her hosts, the McClains. At the conclusion of the trial, defendants moved for a directed verdict (which did not occur in the present case). The Trial Court in the Eaton case overruled the motion for directed verdict and submitted the case to a jury which found negligence of plaintiff to be 40% and of defendants to be 60%. Defendants moved for judgment notwithstanding the verdict which motion was overruled. On appeal, this Court reversed and

dismissed on the authority of *McIntyre v. Balentine*, Tenn. 1992, 833 S.W.2d 52, the "step in the dark case." This Court also based its conclusion on the ground of "overwhelming" evidence that the negligence of plaintiff was equal to or greater than that of defendants, and that there was no material evidence to support a finding of a duty to protect plaintiff from opening a door in the darkness and stepping into a staircase. (This Court might well have made its decision upon the allegations of the complaint.)

The Supreme Court granted appeal, affirmed the Trial Court and this Court and said:

> The standards governing trial courts in ruling on motions for directed verdict or JNOV in negligence cases are well established. In ruling on the motion, the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove any conflict in the evidence by construing it in the light most favorable to the non-movant and discarding all countervailing evidence. The court may grant the motion only it, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. *Sauls v. Evans*, 635 S.W.2d 377 (Tenn.1982); *Holmes v. Wilson*, 551 S.W.2d 682 (Tenn. 1977). If there is any doubt as to the proper conclusions to be drawn from the evidence, the motion must be denied. *Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn.1980).
>
> This Court's adoption of the doctrine of comparative fault in McIntyre does not change these standards governing the trial court's assessment of the evidence; nor does it change the established standard governing the trial court's ultimate decision of whether to grant the motion. The trial court still must take the strongest legitimate view of the evidence in favor of the non-movant; and it must grant the motion only if reasonable minds could not differ as to the legal conclusions to be drawn from that evidence.
>
> The recitation of these standards of review does not, however, provide a satisfactory answer to the issue before us because *McIntyre* has radically changed the question to be asked by the trial court on a motion for directed verdict/NJOV which alleges negligence on the part of the plaintiff. The question now is *not* whether the plaintiff was guilty of any negligence that proximately caused the resulting injuries. Instead, the question is: assuming that both plaintiff and defendant have been found guilty of negligent conduct that proximately caused the injuries, was the fault attributable to plaintiff equal to or greater than the fault attributable to the defendant.
>
> In summary, the percentage of fault assigned to each party should be dependent upon all the circumstances of the case, including such factors as: (1) the relative closeness of the

causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, or should have known of it; (3) the extent to which the defendant failed to reasonably utilize an existing opportunity to avoid the injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was attempting to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education, and so forth.

We need not, however, decide the question of whether Ms. Eaton's fault equaled or exceeded that of the McLains' as a matter of law because we agree with the Court of Appeals that Ms. Eaton failed to submit legally sufficient evidence as to the duty element of her claims of negligence.

It appears that the conclusion of the Supreme Court in Eaton was based upon a finding of law that there was no evidence to support a verdict for the plaintiff and that the directed verdict was correct. Nevertheless, the other quoted expressions of the Supreme Court appear to indicate that, at least where a motion for directed verdict was overruled, the motion may, in effect, be renewed after verdict in the form of a motion for JNOV and that such motion should be considered upon the same criteria as a motion for a directed verdict, i.e., consider all evidence most favorable to the verdict and discard all other, and approve verdict if there is any credible evidence supporting verdict. In the present case, plaintiff made no motion for a directed verdict.

Plaintiff insists that all the evidence supports a judgment in her favor because the evidence of the defendant is contradictory. As stated, there is a conflict between the testimony of plaintiff and defendant as to the presence of a liquid where plaintiff fell. Plaintiff points out that a business record of defendant states that there was a liquid on the floor, thereby canceling the testimony of the attendant.

Contradictory testimony of the same witness may cancel the testimony of that witness. *Tibbals Flooring Co. v. Stanfill*, 219 Tenn. App. 498, 410 S.W.2d 892 (1967); *Wheeler v. Wheeler*, 63 Tenn. App. 442, 474 S.W.2d 651 (1971); *Todd v. Roanie-Anderson Co.*, 35 Tenn. App. 687, 251 S.W.2d 722 (1952).

However, the same rule does not apply where the contradictions are between different witnesses or evidence introduced by the same party.

Moreover, the business record was not made by the attendant, but by another employee who interviewed plaintiff. Plaintiff relies upon an exhibit - which is a soiled cloth. Even if it be found that there was liquid on the floor, this does not show that defendant had a duty to a trespasser forbidden to be in that part of the premises, nor does it show that plaintiff was without fault.

All of the complaints of plaintiff relate to factual matters as to which the jury weighed the evidence, found the facts and rendered a general verdict without expressing any specific finding of fact. Such a verdict is subject to review by the trial judge sitting as a member of the jury . If he disagrees with the jury on the determinative facts, he should decline to approve the verdict and "hang the jury," resulting in a new trial before a new jury. *Huskey v. Crisp*, Tenn. 1993, 865 S.W.2d 451. *Jones v. Tenn. Farmers Mutual Ins. Co.*, Tenn. App. 1994, 896 S.W. 553.

The Trial Judge declined to set aside the verdict, hence he found that the evidence did not preponderate against the verdict, and he did not disagree, but agreed with the jury.

When the trial judge has approved a verdict, the scope of review by this Court is to determine whether there is any evidence to support the verdict. If so, the verdict will not be disturbed. *Coyle v. Prieto*, Tenn. App. 1991, 822 S.W.2d 596.

There is evidence to support the verdict, and it will not be disturbed.

The defendant insists that the Trial Judge erred in requiring the Court Reporter to transcribe the proceedings at the expense of plaintiff despite the failure of plaintiff to share the

"per diem". As noted above, the plaintiff was required to reimburse defendant for one-half of the expense of the reporter's court attendance (per diem).

Defendant cites *Beef & Bird of America v. Continental Casualty Co.*, Tenn. App. 1990, 803 S.W.2d 234. In that case the appellant submitted a one-page "statement of the evidence" to which appellee objected. The Trial Court required the appellant to have prepared a verbatim transcript at his expense. Appellant complained on appeal that he was required to produce the verbatim transcript. This Court ruled:

> The order of the Trial Court, quoted above, finds that a stenographic report is available and orders the preparation and filing of a transcript in identical language to that of the objection, quoted above. However, there is no evidence of the resolution of the issue raised by plaintiff's insistence that the statement of the evidence filed by him was adequate for purposes of the sole issue raised upon appeal. Apparently, plaintiff did not pursue this issue but caused a complete stenographic transcript to be prepared and filed.
>
> The objection requested that plaintiff be required to pay the per diem of the stenographer and the cost of typing the transcript, but the order of the Trial Court is silent on this subject. By inference the order required the plaintiff to pay whatever was necessary for procurement of the required transcript, but there is no evidence of what payment was necessary, what was paid, or by whom.
>
> This Court will undertake to resolve the second issue within the limitations of the record on appeal.
>
> Section "F" of Tennessee Rules of Appellate Procedure is entitled "The Record on Appeal" and consists of Rules 24, 25 and 26. Rule 24 is entitled "Content and Preparation of the Record". Subsection 24(a) is entitled, "Content of the Record". Subsubsection 24(a)(3) refers to "the transcript or statement of the evidence and proceedings."
>
> If no record, stenographic or otherwise, was made of the proceedings, a verbatim transcript is unavailable.
>
> If such a record was made, then it may or may not be available according to the circumstances. If made by a court employee as in criminal cases, then the record is presumed to be available absent unusual circumstances.
>
> In civil cases, this Court notes judicially the practice of parties to engage and pay a stenographer a "per diem" to attend and record the evidence and proceedings. If only one party engages and pays the stenographer, it appears that the verbatim record of evidence and proceedings would be available to that party by

contract. If more than one party jointly engage and pay the stenographer, it would appear that the verbatim record would be available to any one of the participating parties by contract. Inability of a participating party to pay for the transcription might make it unavailable to him.

A party who does not join in the engagement and payment of a stenographer has no contract right to require the stenographer to transcribe the record which is therefore unavailable to him unless and until made available to him on terms satisfactory to the stenographer and the party or parties who engaged the stenographer.

This Court interprets Rule 24 to express a preference for a verbatim record if reasonably available, and an approval of other statements of evidence and proceedings if a verbatim record is not available.

The settlement of a bill of exceptions (transcript) is a high judicial function which can be performed only by the trial judge. *Anderson v. Sharp*, 195 Tenn. 274, 259 S.W.2d 521 (1953); *Rose v. Third National Bank*, 27 Tenn.App. 553, 183 S.W.2d 1 (1944), T.R.A.P. Ruyle 24(e).

The parties may differ on the issue of whether a verbatim record is available and this difference should be settled by the Trial Court. Although not expressly stated in T.R.A.P., it is inherent and inferred from other express provisions that the requirement for filing within ninety days is satisfied by timely filing of a proposed transcript or statement of the evidence and proceedings, and that after such timely filing, objections, rulings thereon, and amendments and substitutions under orders of the Trial Court may properly occur after the expiration of the prescribed ninety day period.

Accordingly, if an appellant conceives that a verbatim transcript is unavailable to him, he may initially perform his duty by filing a narrative statement of the evidence and proceedings within ninety days after notice of appeal. If the appellee files timely objection and shows that a verbatim record is available to appellant, the Trial Court may require the production and substitution of a verbatim record instead of the informal narrative. This order and substitution may properly occur after the expiration of the ninety days prescribed for filing because it is a part of the process of resolving objections and settling the content of the record.

In ruling upon availability the Trial Judge may properly consider the financial ability of appellant to pay for the transcription of a verbatim record, the willingness of the stenographer and those who paid him to make the transcription available, and any other relevant circumstances.

Nothing is found in the cited authority contrary to the actions of the Trial Court in the present case.

A Trial Court has broad discretion in performing its high judicial function of providing a record for the appellate courts. If a court reporter refuses to prepare a record, the court has the power of subpoena to require the reporter to appear as a witness to furnish information for the settling of the record. There is no evidence that the reporter refused in the present case

Defendant cites an unpublished opinion of a Worker's Compensation Panel of the Supreme Court which has been examined and found not to be controlling on the facts of this case.

Defendant also requests an award of damages for frivolous appeal. This Court respectfully denies the request.

The judgment of the Trial Court is affirmed. Costs of appeal are assessed against the plaintiff. The cause is remanded to the Trial Court for collection of its costs and for any other appropriate proceedings.

### AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JUDGE