ANDERSON *v.* SHARP *et al.*

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Avon N. Williams, Jr., of Knoxville, for petitioner.

Winick & Morrison, of Knoxville, for respondents.

Mr. Justice Tomlinson delivered the opinion of the Court.

This memo is responsive to a petition for certiorari presented by Sallie Anderson who was the unsuccessful plaintiff in the Circuit Court and the unsuccessful appellant in the Court of Appeals. The latter court, in affirming, concluded with this statement:

276

"In conclusion, we cannot let pass without notice that the record as it comes to us includes the original record filed in the trial court. There is no authority in law for this; but due to the small amount involved, and in order to save costs, we have overlooked this procedure, without, however, intending to set a precedent for the future."

This does not fully describe the condition of the bill of exceptions, a fact to be hereinafter necessarily noticed. At this point enough appears in the bill of exceptions to permit a decision as to whether the two Courts mentioned erred in their construction of the instrument sued on in this case.

Alyne Dumas Lee is a professional singer. Following correspondence with respondents Stella Sharp and S. S. Scott she came to Knoxville to give a concert at the Shiloh Presbyterian Church for a consideration of $200. Admission was to be charged. On account of inclement weather, the admission receipts amounted to only $117 when it was time to start the performance. The agreement was that she was to be paid before she sang. She knew that Sharp represented the Usher Board of the Shiloh Presbyterian Church and that Scott represented Clinton Chapel Sunday School (Clinton Chapel A. M. E. Zion Church). These representatives were, therefore, known agents for disclosed principals.

The money being short and the time to begin the concert being overdue, the following instrument was executed:

"Article of
Agreement:                        Date May 26, 1949
"We the undersigned agree to pay to Alyne Dumas Lee the sum of $200.00 for Artistic services to be

rendered on May 26, 1949, at The Shiloh Presbyterian Church, Knoxville, Tennessee.

"The full amount to be paid on the evening of the recital, prior to the performance, or at any suitable time before said performance of the above named artist.

"It is further understood and agreed that this programme is under the auspices of Usher Board of the Shiloh Presbyeterian Church, and Clinton Chapel Sunday School (Clinton Chapel A.M.E. Zion Church.)

"Signed    Stella H. Sharp

"Signed    S. S. Scott

"Signed    Alyne Dumas Lee."

After the performance Alyne Dumas Lee wrote upon the instrument the following:

| | |
|---|---:|
| "Received from Mr. Scott the sum of | $ 57.00 |
| "by Alyne Dumas Lee S. S. Scott | |
| "Received from Mrs. S. Sharp the sum of | 60.00 |
| "by Alyne Dumas Lee S. Sharp | |
| "Total | $117.00 |
| "Balance due | $ 83.00 |

"Balance due was promised if said artist, would go ahead with program due to the fact, as was explained by sponsorers above, that all money would not be in until final check up with members of both churches after the program."

The $83 balance shown to be due, as above recited, was never paid. Alyne Dumas Lee assigned the above instrument to her niece, Sallie Anderson. She has brought this lawsuit against Sharp and Scott as individuals on the theory that they individually promised upon the face of this instrument to pay this $83.

Sharp and Scott contend that they only entered into the agreement as known agents of their respective principals and the parties understood that they were not to be personally liable. Sallie Anderson replies with the assertion that the provisions of this written instrument cannot be changed by parol evidence. The Chancellor thought otherwise, and let in proof. Based on that proof he sustained the theory of the defendant Sharp and Scott and dismissed the suit. The Court of Appeals agreed with the Chancellor.

The question stated is close, and at first blush seems to come within the rules and principle stated in a recent case of *Lazarov* v. *Klyce,* Tenn. Sup., 255 S. W. (2d) 11, except that the instrument involved in that case was negotiable.

The point to be determined here is whether the instrument is ambiguous so as to let in parol evidence. It will be noticed that the instrument commences with the statement that "We the undersigned agree to pay to Alyne Dumas Lee the sum of" etc. That instrument is not only signed by Sharp and Scott but likewise by Alyne Dumas Lee. Of course, Alyne Dumas Lee was not entering into an agreement with herself to pay herself $200. The fact mentioned suggests that there is something to the agreement more than the mere words just above quoted.

It will be further noted that the instrument recites that the "Artistic services" are to be rendered at "The Shiloh Presbyterian Church, Knoxville, Tenn". Now if it be a fact that Sharp and Scott individually bound themselves to pay this $200 as Sallie Anderson insists the face of the petition says, then the question arises as to why this instrument added the following statement:

"It is further understood and agreed that this programme is under the auspices of Usher Board of

The Shiloh Presbyterian Church and of Clinton Chapel Sunday School (Clinton Chapel A. M. E. Zion Church).''

If it be a fact that Sharp and Scott are individually obligating themselves to pay this bill rather than their known principals the Usher Board and the Clinton Chapel Sunday School, respectively, then why mention that this artistic service is to be given under the ''auspices of'' these two known and revealed principals of Sharp and Scott?

In view of the two items mentioned, we think it can be fairly said that the instrument sued upon is ambiguous upon its face as to whether Sharp and Scott bound themselves personally to pay this bill. That being true, under all the authorities parol evidence was admissible to explain the actual agreement. Upon that theory the Court of Appeals let in the oral evidence, and from that oral evidence found that Alyne Dumas Lee was not expecting the payment of this bill by Scott and Sharp, but was expecting it to be paid by their disclosed principals.

As above stated, we concur in that conclusion, but the Court of Appeals reached the conclusion stated on another ground also because the plaintiff called Alyne Dumas Lee as a witness in the presentation of her case in chief. This is what the Court of Appeals said about that:

''She was the plaintiff's witness. She was introducing oral testimony as to the contract. Having opened this field it would be only just to allow defendants the same privilege. Further, it demonstrates to us that again she was dealing with these defendants in the known capacity as agents for the disclosed principals, namely the 'members' of the

aforesaid organizations under whose 'Auspices' this program was had.''

■■ The condition of the bill of exceptions seems to make it useless to consider this last stated conclusion of the Court of Appeals. A number of exhibits are sought to be made a part of the bill of exceptions in the following manner, as an illustration. ''The original of said depositions and exhibits are contained in the technical record to which reference is here made''. A fine statement of the status of such exhibits by reason of mere reference in the bill of exceptions is stated in *Rose* v. *Third National Bank*, 27 Tenn. App. 553, 562, 563, 183 S. W. (2d) 1, 5, viz.:

''The settlement of a bill of exceptions is a high judicial function, which can be performed only by the judge who tried the case; and every part of the bill of exceptions must be examined and authenticated by him, and the form of his authentication must show that it covers all the separate parts as well as the whole of the bill of exceptions. It is for this reason that it cannot be left to the clerk or any other person to determine what constitutes a part of the bill of exceptions; and a 'skeleton' bill of exceptions, like that before us, merely directing the clerk to copy into it a paper which has not been authenticated by the trial judge, is ineffective to make such paper part of the bill of exceptions.''

The bill of exceptions in that case was stricken.

■ One or more of the exhibits so referred to were not identified by the trial judge until December 2, 1952. That is the fact with reference to the heretofore mentioned deposition of Alyne Dumas Lee. The sixty days allowed for the filing of the bill of exceptions expired upon some date in November, 1952. Therefore, on De-

cember 3, 1952 the Circuit Court was without jurisdiction in the case, and without authority to identify the exhibits. *Scopes* v. *State*, 152 Tenn. 424, 278 S. W. 57; *Central Produce Co.* v. *General Cab Company,* 23 Tenn. App. 209, 213, 129 S. W. (2d) 1117.

Since these exhibits and papers referred to in the bill of exceptions were not a part thereof, it results that the bill of exceptions affirmatively shows on its face that it does not contain all the evidence. That being true, the presumption is conclusive that the evidence in the case supported the conclusion of fact reached by the Trial Court.

For the reasons stated, the petition for certiorari will be denied.