DOROTHY VIRGINIA HARDWICK, Plaintiff-in-Error, v. GEORGE JOSEPH HARDWICK, Defendant-in-Error.—414 S.W.(2d) 646.

Middle Section, at Nashville. July 29, 1966.

Certiorari Denied by Supreme Court April 17, 1967.

Harwell, Boston & Weatherford, Lawrenceburg, for plaintiff in error.

Noble L. Freemon, Sr., and Joe A. Freemon, Lawrenceburg, for defendant in error.

SHRIVER, J.   Complainant, Dorothy Virginia Hardwick, filed her bill for an absolute divorce in the Chancery Court of Lawrence County, charging that defendant, George Joseph Hardwick, was guilty of such cruel and inhuman treatment or conduct toward her as rendered it unsafe and improper for her to cohabit with him and be under his dominion and control. The bill also alleged that, at the time the parties were married, defendant had $40.00 and complainant had one calf but that during the marriage the parties, working together, had been successful in business and had accumulated certain properties, including several tracts of land owned by them as tenants by the entireties, and further that complainant owns an 8 acre tract in the Second Civil District where the parties live which was deeded to her several months ago by the defendant and that defendant owns by himself a 110 acre tract in the Second Civil District and also owns as tenant in common with his deceased brother, James Hardwick, a 230 acre tract of land in the First Civil District. That defendant has been in a sawmill business for the past several years and owns some sawmill equipment and either one or two trucks; that complainant believes that defendant has several promissory notes against him but she does not know how many, or what amounts these notes are.

It appears that the 8 acre tract mentioned above is the homeplace of the parties and in it was located certain

household goods and furniture which was awarded to the complainant in the decree of the Court along with a beauty parlor and its equipment which was operated in the basement of the home.

The defendant filed an answer in which he admits the marriage and other statistical data set out in the bill but denies the charges of cruel and inhuman treatment. Referring to the property of the parties, the answer of the defendant is as follows:

"As to the property of the parties, the proof when heard will show that Respondent has been more than generous with his family and particularly with Complainant. If it becomes necessary under all the facts and all the proof that this home be broken by divorce, then your Respondent is perfectly willing for this Honorable Court to make such disposition of the property of the parties as equity and justice may dictate."

The divorce decree recites that the cause came on to be heard on the 17th day of March, 1965, before the Honorable John D. Templeton, Chancellor, upon the bill of Dorothy Virginia Hardwick, the answer of the defendant, George Joseph Hardwick, the oral testimony of witnesses examined in open Court and the entire record in the cause. The decree finds that the charges of cruel and inhuman treatment were sustained and, therefore, awards an absolute divorce to the complainant, together with the custody and control of the minor daughter of the parties, Glenda Hardwick, with visitation rights to the defendant. The decree then recites:

"It appears to the Court that there are certain property rights that will be adjudged between the parties and the interest in the property of the complainant and

defendant will be held in abeyance until a later date at which time the Court will hear further proof on the division of the property now owned by the parties."

Thereafter, on October 20, 1965, an additional decree was entered which recites that the cause came on to be further heard concerning the property rights of the parties, a divorce having been awarded complainant at a prior time, and continues as follows:

"It appeared to the Court that the complainant, Dorothy Virginia Hardwick, should retain the property owned by her prior to the time the Bill was filed in this cause, this property being formerly owned by both the complainant and defendant as tenants by the entirety, and it appears to the Court that the defendant George Joseph Hardwick conveyed this property to the complainant, Dorothy Virginia Hardwick, by deed recorded in Deed Book 124, pages 125-26 of the Register's Office of Lawrence County, Tennessee and which property is described as follows:"

(Here follows a description of the 8 acre homeplace of the parties).

The decree orders, adjudges and decrees that the complainant have and own this property in fee simple and continues:

"That the complainant is also awarded all of the household furniture and fixtures contained in the house located on the above described property and complainant shall also have her automobile, being a 1963 Pontiac, and all of her beauty shop equipment free from any claims of the defendant, George Joseph Hardwick. That the complainant is also allowed to keep all of the money that she had prior to the time of this

hearing, including the $1,750.00 that she recently received from the sale of property that was heretofore owned by the parties to this suit as tenants by the entirety.''

The decree then orders, adjudges and decrees that the property owned by the parties in the Second Civil District of Lawrence County as tenants by the entirety be vested in the defendant, George Joseph Hardwick, and all right, title and interest in the complainant, Dorothy Virginia Hardwick, be divested out of her and into the defendant, said property being described as follows: (Here follows a description of this property containing 70 acres, more or less).

The decree further orders that the property owned by the parties as tenants by the entireties located in the—— Civil District of Lawrence County known as the Evers place be vested solely in George Joseph Hardwick and a description of that property is inserted showing that it contains 118 acres, more or less.

It was further decreed that any other property that may have been owned by the parties as tenants by the entirety or jointly be awarded the defendant, George Joseph Hardwick, and all title to such property is divested out of the complainant and vested in the defendant.

It is ordered and decreed that the defendant pay to the complainant $100.00 per month for child support and alimony, the first payment to be made the 20th of November, 1965, and a like payment to be made on the 20th of each and every month thereafter until further orders of the Court. It is also ordered and decreed that the defendant pay Harwell, Boston & Weatherford, Attorneys

for the complainant, the sum of $1,250.00 for services to date and will also pay all the costs of the cause and the case be retained in Court for the enforcement of the decree.

Complainant filed a petition to rehear asserting that she was much aggrieved by so much of the decree in the cause as adjudged that defendant was entitled to recover her one-half undivided interest in and to certain property theretofore owned by the parties as tenants by the entirety.

The petition to rehear was dismissed, the Court entering the following decree:

"In this cause the Complainant having this day presented a petition to rehear, and the Chancellor having heard argument, and considered the matters raised by the petition, refused a rehearing. It is, therefore, ordered that the petition be dismissed and that the Petitioner pay all the costs thereof.

The Chancellor on his own motion in order to make secure the payments of $100.00 per month for child support and alimony that the defendant, George Joseph Hardwick, was heretofore ordered to pay, declared a lien for one year in favor of the Complainant, Dorothy Virginia Hardwick, on the following described property, said lien being in the amount of $1,200.00, with a declining balance dependent upon Defendant, George Joseph Hardwick, paying into court $100.00 per month for child support and alimony:"

(Here follows a description of the 118 acre tract hereinabove mentioned).

The decree also declares a lien on the property in favor of counsel for complainant to secure their fee of $1,250.00.

From this decree and from so much of the original decree as adjudged that defendant was entitled to recover complainant's one-half undivided interest in and to the real estate which the parties formerly owned as tenants by the entirety, the complainant appealed to this Court and has assigned errors.

The transcript contains the following entry at Page 25 thereof.

"STATEMENT OF COUNSEL FOR APPELLANT CONCERNING BILL OF EXCEPTIONS

The appeal bond having been perfected on the 28th day of February, 1966, Counsel for appellant respectfully states that the reason a Bill of Exceptions has not been filed, is not for the purpose of delay, but rather because the only question assigned on Appeal as error, is one of law contained in the technical record.

This statement is filed as provided in Section 27-318 Tennessee Code Annotated, Official Edition.

/s/ James L. Weatherford
_____

James L. Weatherford
Counsel for Appellant"

ASSIGNMENT OF ERROR

The single assignment of error states:

"The Honorable Chancellor erred in the following ruling:"

(Here follows a Section of the Decree of the Chancellor dealing with the property of the parties).

This was error because complainant and defendant owned this property as tenants by the entirety and the complainant, the prevailing party, already owned one-half of this property and by divesting complainant's interest out of her and vesting the same in defendant, complainant was placed in a financial situation worse than it was before defendant's misconduct brought about a legal separation.''

Counsel for appellant in their argument state their position as follows:

''There is only one question which must be decided by this Court. Did Chancellor Templeton abuse his discretionary power in settling the alimony award so as to divest Mrs. Hardwick of two tracts of land which she and her husband held as tenants by the entireties? Complainant contends that he did abuse his discretionary power.''

■■ As is noted hereinabove, counsel for the appellant take the position that only a question of law is presented for decision here and that, therefore, a Bill of Exceptions is not necessary. While it is true as set forth in their proposition No. V that ''Even without the filing of a Bill of Exceptions, the Court of Appeals may properly review on the merits questions of law decided by the Chancellor,'' citing Dispeker v. New Southern Hotel Company, 213 Tenn 378, 373 S.W.2d 904, this proposition does not meet the question posed by the record before us because it is perfectly apparent that the Chancellor, in hearing this case on oral testimony, and subsequently considering the property rights, necessarily, took into account many facts and circumstances that are not before us in the absence of a Bill of Exceptions. The Appellate

Courts of this State have repeatedly held that, where questions of fact must be considered in determining the issues, a Bill of Exceptions is necessary, and, as was said in Pepper v. Gainesboro Telephone Company, 1 Tenn. App. 175, it is the duty of the appellant to see that all material evidence is included in the Bill of Exceptions and, if any material evidence is omitted, the judgment must be affirmed.

As was pointed out in Anderson v. Sharpe, 195 Tenn. 274, 259 S.W.2d 521, where the Bill of Exceptions affirmatively shows on its face that it does not contain all the evidence, the presumption is conclusive that the evidence in the case supported the conclusions of fact reached by the Trial Court and the judgment of the Trial Court must be affirmed.

In Norris v. Richards, 45 Tenn.App. 100, 320 S.W.2d 730, it was said that where there are assignments of error that depend on the technical record alone, they will be considered on appeal without a Bill of Exceptions, *but where the assignments involve the evidence introduced in the Trial Court, the Court of Appeals must affirm the judgment in the absence of a duly authenticated Bill of Exceptions.*

As to the question of law involved here, it is to be noted that Section 36-825, T.C.A., which codifies the Legislative Act of 1953, gives the Trial Judge authority in all cases of divorce or separation where the relief is decreed to the husband on his petition, to adjust the respective rights of the parties with regard to property jointly owned so as to preserve for such a husband that portion of such joint property which he contributed to and paid for. For this purpose the Court was empowered

to divest and vest title to the real or personal property of the parties.

The 1959 Act, Section 36-825, T.C.A., provides that, in all actions for the divorce or separate maintenance, the Court having jurisdiction thereof, may in its discretion, adjust and adjudicate the respective rights and interests of the parties in all jointly owned property so as to preserve for each or either party *that portion of such jointly owned property as may be just and reasonable under the facts and circumstances of the case,* regardless of how the Court may grant or refuse to grant relief in such case. And the Court is empowered to effectuate its decree by divesting and reinvesting title to such property.

Under this statute we have no doubt that the Chancellor acted within the scope and power granted him and, while from the record before us it does not appear that he abused his discretion, certainly, in the absence of a Bill of Exceptions from which this Court could review the facts upon which the Chancellor acted, we would not be in position to hold that he abused his discretion.

It results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.