**Evelyn Elaine Shapiro ZEITLIN, Plaintiff-Appellee,**

v.

**Ronald Stanford ZEITLIN, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

June 25, 1976.

Certiorari Denied by Supreme Court Nov. 29, 1976.

William L. Small, Nashville, for plaintiff-appellee.

John R. Cheadle, Nashville, for defendant-appellant.

## OPINION

TODD, Judge.

In this divorce case, the defendant, Ronald Stanford Zeitlin, has appealed from orders of the Trial Court entered in response to supplemental petitions and motions after final decree.

On September 3, 1973, a Final Decree of Divorce was entered by the Honorable William P. Ortale, Special Judge. Said decree

recited with approval a "separation agreement" between the parties and ordered defendant to pay $200.00 per week alimony and child support as provided in said agreement.

On October 10, 1973, plaintiff filed a petition for contempt for failure to pay alimony, and defendant was ordered to appear and show cause why said petition should not be granted.

On October 17, 1973, defendant filed a petition to reduce payments.

No action appears to have been taken by the Court upon the two petitions just mentioned.

On October 11, 1974, plaintiff filed a second petition for contempt.

On June 24, 1975, defendant filed a petition praying for various relief, including reduction in payments.

On July 16, 1975, plaintiff filed an "Answer and Counterclaim" resisting all relief sought in the last mentioned petition and praying, among other things, for a judgment for $16,770.00 delinquent alimony and child support.

On July 22, 1975, plaintiff filed an "Answer to Counterclaim" alleging that the parties had previously joined in an "agreed order" which, through inadvertence, was never entered upon the records of the Court.

The matter was heard on August 6, 1975, by the Honorable Benson Trimble, regular Judge of the Trial Court, as a result of which an order was entered on September 8, 1975, pertinent parts of which are as follows:

"2. The substance of the Order marked "Exhibit # 1" to the testimony of petitioner filed at the hearing of the Petition of petitioner, Ronald S. Zeitlin, but never heretofore filed with the Court, shall supersede paragraph "3" of the "Separation Agreement" incorporated in the Final Decree of this cause concerning alimony and child support payments by Ronald S. Zeitlin to Evelyn S. Zeitlin. Beginning August 8, 1975, Ronald S. Zeitlin shall pay to Evelyn S. Zeitlin one-half of all of his earnings or monies coming into his hands from any source whatsoever for the use and benefit of said Ronald S. Zeitlin or the sum of $866.00 each month, whichever is smaller. . . .

. . . . .

"6. Insofar as arrearage may be concerned in regard to the payment of child support by Ronald S. Zeitlin, the Court, of course, is in sympathy with his situation insofar as the Order not having been filed as it, of course, should have been. Nevertheless, the Court must rely upon only Orders that are filed and cannot, in its opinion, allow credence to Orders otherwise. Therefore, the arrearage will be calculated on this basis. Accordingly, Evelyn S. Zeitlin is hereby awarded a judgment against Ronald S. Zeitlin in the amount of $14,420.76. Said judgment is to be held in abeyance, at least until the financial activity of Ronald S. Zeitlin increases to a reasonable extent where this arrearage could be paid."

On October 1, 1975, plaintiff filed a motion requesting that the previously mentioned "agreed" order be entered "nunc pro tunc," to take effect from October 31, 1973.

On the same date, defendant moved for a new trial.

On October 3, 1975, plaintiff moved the Court to amend the order of September 8 by striking therefrom the judgment in the amount of $14,420.76.

On January 22, 1976, a further order was entered overruling plaintiff's motions for nunc pro tunc entry of the former "agreed order" and for a new trial.

The latter order grants defendant's appeal to this Court.

The appellee has moved this court to strike the bill of exceptions and dismiss the appeal on the ground that:

" . . . counsel for Appellant failed to give notice to counsel for Appellee of the filing of the Bill of Exceptions and of designation of the record as required by Tennessee law, and that the failure to so notify counsel for Appellee violated the Appellee's right to due process."

The bill of exceptions is marked "filed February 17, 1976," by the Trial Clerk. It contains a certificate of a "Court Reporter and Notary Public" and the authentication of the Trial Judge dated February 17, 1976. The bill of exceptions does not reflect the approval of the attorney for appellee, nor does the record reflect any notice to him of the filing of the bill of exceptions.

The bench and bar have frequently encountered difficulty in the interpretation of § 27–110, T.C.A.

In *Anderson v. Sharp*, 195 Tenn. 274, 259 S.W.2d 521 (1953), the Supreme Court stated that the settlement of a bill of exceptions was "a high judicial function." As such, it certainly requires full operation of "due process" in its performance. Elemental due process requires notice to interested parties and opportunity for them to be heard before a decision is made affecting their rights.

■ Reading § 27–110 in this light, it is the legislative intent that, unless both parties approve a proposed bill of exceptions, then it shall not be approved by the Trial Judge unless and until due notice has been given to the party not approving, ten days have been allowed for objections, and a hearing has been had for the resolution of all issues raised by such objections.

In *Anderson v. Carter* (Tenn.App.1974), 512 S.W.2d 297, this Court so interpreted the statute.

In *Estes v. L & N R.R.* (Tenn.App., M. S., April 25, 1975, publication recommended) this Court held that the authentication of a bill of exceptions prior to such notice, opportunity for objection and ruling thereon, was properly treated as premature and invalid.

■ In view of the foregoing, it would appear that appellee's motion is well taken; however, at the bar of this Court, counsel for appellee candidly stated that, after learning of the filing of the bill of exceptions, he filed no objections and made no other effort to reform the bill of exceptions. Under these circumstances, this does not appear to be an appropriate case for strict application of the interpretation of the statute as above stated.

Moreover, no reversible error appears from an informal examination of the bill of exceptions. Therefore, with the reservations stated, the motion to strike and dismiss is respectfully overruled.

Appellant has filed five "Specifications of Error" which are assumed to be an erroneous designation of the *Assignments of Error* required by the rules of this Court.

First, appellant states that the former "agreed order" should have been entered nunc pro tunc pursuant to Rule 60.02(1) T.R.C.P., which reads as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; . . . . "

■ The foregoing is designed to afford relief from judgments which *have* been entered. There is nothing in the verbiage of the rule to suggest that it provides for the *entry* of a judgment which was *not* entered.

■ Appellant cites testimony that counsel for both parties intended that the order be entered and thought that it had been entered. Such evidence, if true, would not sustain the entry of the order "nunc pro tunc," for there is no evidence that the Judge rendered the decision, even orally; that he intended to render the decision; that he made any memorandum of such a decision; or that he intended that such an order be entered.

Until brought to the attention of the Trial Judge, an "agreed order" is no order at all, but merely an agreement of the parties. It has no significance as a judicial act until a judicial act (decision) gives it significance.

Appellant suggests that if, as one counsel testified, he "believes," the order was "filed," then the failure to place the order on the minutes was a failure of a court official for which a party should not be penalized.

Rules 58.01, 58.02 T.R.C.P. provide:

*"58.01 Signing*

Except when otherwise specifically provided by statute, all judgments shall be signed by the judge and filed with the clerk.

*"58.02 When judgment entered*

The filing with the clerk of a judgment, *signed by the judge,* constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of same. The clerk shall note the entry of the judgment and the date of such entry thereof upon the civil docket and upon the face of the judgment and shall promptly copy all judgments of the court upon the official minutes, but all judgments shall be effective upon entry of same as hereinbefore provided, unless otherwise ordered by the court. After receipt of the *signed judgment from the judge* the clerk shall retain the same in his custody until it has been copied upon the minutes." (Emphasis Supplied)

■ It is seen that the *signature of the judge* is a prelude to the filing by the clerk. There is no authority for any effective "filing" of a judgment prior to the signed approval of the judge.

■ It is the primary duty of counsel to obtain the signature of the judge upon a proposed order or judgment before filing with the clerk. If an unsigned order is received by the clerk for presentation to the judge, this is a mere unofficial courtesy; and it has no official significance until the signed order reaches the hands of the clerk for filing.

For the reasons stated, the first assignment of error is respectfully overruled.

Appellant's second complaint is that the "agreed order" should be entered "nunc pro tunc" because of "intrinsic or extrinsic fraud, misrepresentation or other misconduct on the part of the adverse party." Section [2] of rule 60.02, T.R.C.P.

Appellant's brief states:

"At this point, attorney for appellant wishes to make it perfectly clear that he makes no accusations of intentional fraud, misrepresentation or misconduct on the part of opposing attorneys. It is the opinion of attorney for appellant that an unintentional fraud was perpetrated upon appellant by attorneys for appellee by causing appellee to rely upon the unfiled Order over a long period of time. This long delay, appellant urges, should not prejudice his rights and should toll the time ('not more than one year after the Judgment, Order or Proceeding was entered or taken.') in which appellant was required to seek relief under 60.02(1) and (2)."

■ Appellant cites evidence that, for about a year, the parties' actions indicated that they thought the "agreed order" had been entered. Said evidence, if true, would be worthy of consideration in connection with an application for retroactive relief (forgiveness) of delinquent alimony and child support, but the courts cannot permit the actions of the parties to compel a court to enter an order which did not and does not represent the judgment of the court.

The second assignment of error is respectfully overruled.

■ Appellant's third complaint relies upon Section (5) of the same Rule 60.02 T.R.C.P. providing relief for "any other reason justifying relief from the operation of a judgment."

As previously stated, the appellant is not seeking relief from the operation of a judgment, but is seeking relief from the non-entry of an order by the belated entry thereof "nunc pro tunc," which is not contemplated by the rule.

The third assignment of error is respectfully overruled.

Appellant next states that there is no dispute that the Trial Court actually "rendered" a decision on October 31, 1973.

The memorandum opinion of the Trial Judge states:

"Insofar as arrearage may be concerned in regard to the payment of child support by the cross-respondent, the court, of course, is in sympathy with his

situation insofar as the Agreed Order not having been filed as it, of course, should have been. Nevertheless, the court must rely upon only orders that are filed and cannot, in its opinion, allow credence to orders otherwise."

At the bar of this Court during oral argument, counsel for both parties candidly admitted that there was no evidence that the parties or their attorneys actually appeared before the Trial Court on the occasion of the alleged October 31, 1973, order, or that the Trial Judge actually made or announced any decision at that time. On the contrary, counsel agreed that the "Agreed Order" was the result of a conference outside the courtroom and that any impression that the Trial Court made any decision was based upon a supposition that the "Agreed Order" reached his hands and was approved. Of such fragile framework, judicial pronouncements are not constructed.

The fourth assignment of error is respectfully overruled.

■ Appellant next insists that "in the event Mr. Cate actually did file the disputed order as he stated that he thought he did" then the failure of the Clerk to (obtain the signature of the Trial Judge and) enter the order on the minutes was a "clerical mistake" for which Rule 60.01 provides relief. The words "clerical mistake" do not particularly apply to every act of a *person denominated a "clerk." Rather it* applies to mechanical errors of computation or copying by any person, Clerk or otherwise. As previously observed, if there was a mistake or omission by some unnamed employee of the Trial Clerk, it did not occur in the course of official conduct, but rather as a friendly, unofficial accommodation of an attorney in performing a duty which was the function of the attorney and not the Clerk.

The fifth complaint is respectfully overruled.

Appellant cites *Jackson v. Jarratt*, 165 Tenn. 76, 52 S.W.2d 137 (1932), however that decision defines the word "Rendered" to mean "expressed or announced in a con-

clusive manner and with decisive effect" and "certainly so when . . . notation . . . is made on a . . . more or less permanent memorandum record kept by the Judge for that purpose." As candidly stated by counsel, none of the foregoing requisites of "rendition of judgment" are shown in this case."

Definition of "entry" in the cited authorities is inapplicable because, without "rendition," there can be no entry.

Appellant also cites *McCown v. Quillin*, 48 Tenn.App. 162, 344 S.W.2d 576 (1960), however, the requisites for entry of nunc pro tunc orders, as recited in said authority, are not shown in the present case.

In *Vessels v. Vessels* (Tenn.1975) 530 S.W.2d 71, the Trial Judge had "made a notation on the file of the case that the divorce was granted and the property was awarded on the 21st day of June, 1974." It was held proper to enter a decree in July 1974, effective June 21, 1974.

■ Rule 58.02, T.R.C.P. supra, does provide that the effective date of a judgment is the date of filing with the Clerk signed by the Judge, "*unless otherwise ordered by the court.*" This is deemed authority for a Trial Judge to "otherwise order" in proper cases, but it is not deemed authority for an appellate court to reverse the action of a Trial Judge in refusing to "otherwise order" where he has no record to substantiate his previous action.

The fifth assignment of error is respectfully overruled.

Each complaint of appellant has been examined and found to be without merit. Therefore, the action of the Trial Judge must be affirmed.

However, as stated by the Trial Judge, this Court is not without sympathy for the plight of appellant. Appellant has been burdened with a substantial judgment for delinquent payments which, according to his insistence, were modified or forgiven by agreement of the parties. Said judgment does not, however, provide for immediate enforcement, hence it is merely an adjudication of fact as to the amount remaining

unpaid, and not a final adjudication in the same sense as that of an ordinary judgment which provides for immediate execution.

In the case of *Hopkins v. Potter*, announced at this term, this Court distinguished between the status of *final judgments* for delinquent alimony and/or support and *judgments less than final* in respect to the amount of previously ordered alimony and/or support. The former are not subject to forgiveness or modification in amount, whereas the latter retain their character of alimony or support to the extent that they may be forgiven or modified under the general powers of a divorce court to retroactively forgive or modify delinquent installments of alimony or support. See T.C.A. §§ 36–820, 828; *Thomas v. Thomas*, 46 Tenn.App. 572, 330 S.W.2d 583 (1959); *Daugherty v. Dixon*, 41 Tenn.App. 623, 297 S.W.2d 944 (1956) and authorities cited therein.

In view of the continuing power of the Court to grant such relief as the facts justify, it is not considered that irreparable harm has resulted from the failure to enter the so-called "Agreed Order."

The actions of the Trial Judge from which appeal was taken are affirmed. The costs of this appeal are taxed against defendant-appellant. The cause is remanded for further proceedings.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.