ALEXANDER ZANETIS, and wife, THELMA )
ZANETIS,                                )
                                        )
    Plaintiffs/Appellants,              )
                                        )     **Davidson Circuit**
                                        )     **No. 96C-135**
VS.                                     )
                                        )     **Appeal No.**
                                        )     **01A01-9705-CV-00203**
DAVID MCMACKIN and BOATMEN'S            )
NATIONAL MORTGAGE COMPANY, INC.,        )
                                        )
    Defendants/Appellees.               )

**FILED**

**November 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DAVIDSON CIRCUIT COURT
### AT NASHVILLE, TENNESSEE

### HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

CHARLES GALBREATH, #2779
211 Union Street, Suite 901
Nashville, Tennessee 37201
ATTORNEY FOR PLAINTIFFS/APPELLANTS

WINSTON S. EVANS, #6281
EVANS, JONES & REYNOLDS
1810 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219-2424
ATTORNEY FOR DEFENDANTS/APPELLEES

### AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

ALEXANDER ZANETIS, and wife, THELMA ZANETIS,

       Plaintiffs/Appellants,

VS.

DAVID MCMACKIN and BOATMEN'S NATIONAL MORTGAGE COMPANY, INC.,

       Defendants/Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Davidson Circuit
No. 96C-135

Appeal No.
01A01-9705-CV-00203

# OPINION

The captioned plaintiffs have appealed from a summary judgment dismissing their suit against the captioned defendants.

Plaintiffs single issue for review by this Court is:

> Was the Court in error in granting defendants' motion for dismissal, there being disputed issues of material fact to be resolved by a jury?

The record reflects the following undisputed facts:

In 1986, plaintiffs purchased a home, financed by National Mortgage Company. The loan agreement provided for a portion of each installment paid to be credited to an escrow account to pay taxes and insurance. Plaintiffs purchased insurance directly and paid for it without charging it to the escrow account. As a result the escrow account developed a surplus. Plaintiffs demanded that the surplus be credited upon the principal of the secured debt, but the parties could not agree upon the amount to be credited. Plaintiffs' legal counsel demanded a correct accounting. The mortgage company threatened acceleration of the loan and foreclosure and engaged the attorney, David McMackin, to deal with plaintiffs' claims.

On March 24, 1995, plaintiffs sued the mortgage company only, for damages, demanding a jury. David McMackin was not named as a defendant. While the action was pending, plaintiffs found a buyer for their home and their attorney asked David McMackin, counsel for the mortgage company, for a "pay-off figure" (the amount necessary to satisfy the mortgage). David McMackin advised plaintiffs' counsel that he could not provide such a figure while the litigation was pending because there were charges due for fee of counsel as provided by the mortgage. Counsel for plaintiffs notified Mr. McMackin that the suit would be dismissed. Mr. McMackin never talked to plaintiffs about the dismissal.

On May 30, 1995, the Trial Court entered the following order:

> It appearing to the Court, as evidenced by the signatures of counsel below, that the parties have settled their dispute herein, with Plaintiffs to bear the court costs and the action to be dismissed with prejudice.
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this action against Defendant Boatmen's National Mortgage Company, Inc. is hereby dismissed with prejudice, with all court costs to the Plaintiffs.

(Signature)<br>Hamilton V. Gayden, Judge

APPROVED FOR ENTRY:

(Signature)
James L. Harris, #14173
3221 Nolensville Road, Suite 102
Nashville, TN 37211
(6150 832-0138                    Understood and Agreed:

Attorney for Plaintiffs                         (Signature)

Alex W. Zanetis

(Signature)
Thelma Zanetis

MCMACKIN, GARFINKLE, MCLEMORE & WALKER

By:    (Signature)
    David W. McMackin, #3451
First Union Tower, 16th Floor
150 Fourth Avenue North
Nashville, TN 37219-2758

(615) 255-4545

WYATT, TARRANT & COMBS

By:   (Signature)
       Janet P. Sparkman, #9607
1500 Nashville City Center
511 Union Street
Nashville, TN 37219
(615) 244-0020

Attorneys for Defendant


On December 1, 1995, plaintiffs filed a Rule 62.02 motion to set aside the dismissal of their suit for fraud and misconduct of adversary counsel.


On January 2, 1996, the Trial Court entered an order overruling the Rule 60.02 motion, reciting the evidence upon which the decision was based.


On May 21, 1996, plaintiffs filed a second Rule 60.02 motion.


On October 8, 1996, the Trial Court overruled the second Rule 60.02 motion.


On January 9, 1996, plaintiffs filed a new suit under a new number against David McMackin only, alleging substantially the same facts alleged in the previous suit against Boatmen's Mortgage Company which was not named as a defendant in the new complaint.


On March 5, 1996, plaintiffs moved for leave to add Boatmen's Mortgage Company as a defendant.


On October 6, 1996, the Trial Court overruled the motion to add Boatmen's Mortgage Company.

On January 29, 1997, the Trial Court entered an order overruling plaintiffs' motion to compel discovery, partially granting "the defendants' motion to dismiss," otherwise overruling "defendants' motion to dismiss," reserving the question of the reasonableness of attorney's fee, and granting a T.R.A.P. Rule 9 appeal.

There is no record that plaintiffs pursued the Rule 9 appeal. Plaintiffs filed the above quoted notice of appeal on March 11, 1997.

Plaintiffs filed a narrative statement of the evidence, but, on April 23, 1997, the Trial Judge sustained a "motion of the defendants" to strike the statement of the evidence. The record contains no evidence that the plaintiffs requested that the Trial Judge perform his "high judicial function" of "settling the bill of exceptions," T.R.A.P. Rule 24(e) and (h), *Anderson v. Sharp*, 195 Tenn. 274, 259 S.W.2d 521 (1953); *Rose v. Third National Bank*, 27 Tenn. App. 553 (1945).

The order of January 2, 1996, overruling the first Rule 60.02 motion states:

> Because the plaintiffs desired to put on testimony in support of their motion, the court scheduled an evidentiary hearing at 1:00 p.m. on that afternoon. At or about that time an evidentiary hearing was held wherein the plaintiffs put on proof to support the allegations in their motion and the defendant put on proof to rebut those allegations. After hearing this testimony and argument of counsel it appears to the court that the plaintiffs have failed to carry the burden of proof necessary under Rule 60.02 to set aside the agreed order of dismissal that was entered by this Court on May 30, 1995. Specifically, the court finds that there was no evidence of any fraud or misconduct on behalf of the defendant's counsel, David W. McMackin. The court affirmatively finds that in all of his dealings with the plaintiffs, David W. McMackin never did anything to deceive them and was in fact open and forthright about the position he was taking on behalf of his client, the defendant in this case.

Plaintiffs' suit against David McMackin is barred by the doctrine of collateral estoppel because the plaintiffs are bound by the final judgment of the Trial Court in their former suit against the mortgage company. *Loveman Co. v. Bayless*, 128 Tenn. 307, 160 S.W.2d 841 (1913); *Fourakre v. Perry*, Tenn. App. 1983, 667 S.W.2d 483.

Appellants cite *Collins v. Binkley*, Tenn. App. 1988, 750 S.W.2d 737, wherein a lawyer, who knew that plaintiffs were depending upon him to prepare a valid and effective transfer of title, made an error in the form of acknowledgment. The case is distinguishable upon the facts.

In *Stinson v. Brand*, Tenn. App. 1987, 738 S.W.2d 186, cited by appellants, the lawyers for the seller denied any duty to the purchasers, but they admitted that they intended to charge the purchaser for preparing the documents of transfer, and one of the lawyers was named as trustee in the trust deed. The case is distinguishable upon the facts.

In the present case, the plaintiffs, the sellers, were not justified in relying upon the attorney for the company holding the mortgage on their property, especially when they were plaintiffs in a pending lawsuit against the mortgage company about one of the very items of information imparted to them by the lawyer for the mortgage company; and they were represented by counsel in that pending lawsuit. No evidence is found to support a jury verdict or judgment against the only defendant, David McMackin. The other defendant is not a party to this appeal.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded to the Trial Court for further necessary proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE