IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 13, 2015 Session

## LINDA HANKE v. LANDON SMELCER CONSTRUCTION

**Appeal from the Circuit Court for Sevier County**
**No. 13CV791III    Hon. Rex H. Ogle, Judge**

_____

**No. E2014-01826-COA-R3-CV-FILED-MAY 19, 2015**

_____

The plaintiff, proceeding pro se, filed a complaint against the defendant in General Sessions Court for problems related to the remodel of her residence. Thereafter, the plaintiff filed a motion to "withdraw" her complaint. The General Sessions Court granted the motion and dismissed the complaint with prejudice. Approximately one year after the dismissal, the plaintiff filed a motion to set aside the judgment. The General Sessions Court denied the motion. The plaintiff appealed to the Circuit Court. The Circuit Court dismissed the appeal. The plaintiff appeals. We affirm the decision of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Linda Hanke, Gatlinburg, Tennessee, appellant, Pro Se.

Kenneth M. Ward, Knoxville, Tennessee, for the appellee, Landon Smelcer Construction.

## OPINION

### I.    BACKGROUND

On May 10, 2012, Linda Hanke ("Plaintiff") filed a civil warrant against Landon Smelcer Construction ("Defendant") in the Sevier County General Sessions Court. Plaintiff requested judgment in the amount of $17,500, alleging that Defendant's remodel of her residence was unsatisfactorily completed. Shortly thereafter, Plaintiff filed a letter titled "Notice to Withdraw Complaint." Upon receipt of the letter, the General Sessions Court dismissed the complaint with prejudice on June 13, 2012. Plaintiff was notified

that her complaint had been dismissed when she arrived for her hearing date on June 18, 2012. Plaintiff was not informed that the complaint had been dismissed with prejudice, precluding any future attempt to re-file her complaint.

Approximately one year later, Plaintiff attempted to initiate settlement negotiations with Defendant's insurance liability carrier. In June 2013, Defendant's counsel notified Plaintiff by letter that her complaint had been dismissed with prejudice and could not be re-filed. On November 1, 2013, with the help of counsel, Plaintiff filed a motion in the General Sessions Court to set aside the judgment of dismissal pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Plaintiff later amended her motion to alternatively request the correction of the judgment pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure. Plaintiff argued that her motion to withdraw the complaint was merely a notice of voluntary non-suit, thereby entitling her to a dismissal without prejudice. The General Sessions Court denied the motion on December 11, 2013. Plaintiff timely appealed to the Sevier County Circuit Court and filed a motion to set aside the December 2013 judgment.

Following a hearing, the Circuit Court denied the motion and dismissed the appeal. The court found that Plaintiff was not entitled to relief pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure because the June 2012 judgment did not contain any apparent clerical errors. The court also found that Plaintiff was not entitled to relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure because Plaintiff failed to file a motion challenging or appealing the June 2012 judgment within 10 days. The court further found that even if Plaintiff were entitled to an extension in the time for filing, she failed to challenge or appeal the June 2012 judgment within 10 days of receiving actual notice that her complaint had been dismissed with prejudice. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.  Whether the Circuit Court erred in denying relief pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure.

B.  Whether the Circuit Court erred in denying relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

### III. STANDARD OF REVIEW

This appeal involves the interpretation of statutes, a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

We review a trial court's award or denial of relief pursuant to Rules 60.01 and 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Jackman v. Jackman*, 373 S.W.3d 535, 541 (Tenn. Ct. App. 2011) (citation omitted). A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

### IV. DISCUSSION

Plaintiff is correct that she was entitled to file a written notice of dismissal prior to trial, thereby directing the General Sessions Court to dismiss her complaint without prejudice pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. If her complaint had been dismissed *without* prejudice, Plaintiff could have re-filed the complaint within one year of the dismissal pursuant to the saving statute, codified at Tennessee Code Annotated section 28-1-105(a). Plaintiff argues that the dismissal of her complaint *with* prejudice was error. She claims that the Circuit Court erred in denying her motion to set aside the December 2013 judgment and in dismissing her appeal because she was entitled to relief pursuant to Rules 60.01 and 60.02. Defendant responds that the Circuit Court did not err because Plaintiff was not entitled to relief pursuant to Tennessee Code Annotated section 16-15-727.

The General Sessions Court is a court of limited jurisdiction. The court's "authority depends upon the nature and amount of the dispute" and is severely limited and dependent upon statutory law. *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 183-84 (Tenn. 1995). The Tennessee Rules of Civil Procedure are generally inapplicable to the General Sessions Court. Tenn. R. Civ. P. 1. Prior to 2007, the General Sessions Court did not even have the authority to set aside a judgment and could only correct judgments as follows:

> The provisions of Tennessee Rules of Civil Procedure, Rule 60, relative to correction of judgments shall apply to all courts of general sessions. The judge of such a court shall have the same authority to correct judgments and may do so under the same circumstances and time limits and in the same manner as is provided in that rule.

Tenn. Code Ann. § 16-15-727 (2007). Since that time, Tennessee Code Annotated section 16-15-727 was amended to provide as follows:

> (a) Tenn. R. Civ. P. 60.01, regarding clerical mistakes, shall apply to all courts of general sessions. The general sessions judge shall have the authority under the same circumstances and in the same manner as is provided in Tenn. R. Civ. P. 60.01 to correct such mistakes.

> (b) Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

The amendment provided the General Sessions Court with jurisdiction to entertain motions based upon Rules 60.01 *and* 60.02 in limited circumstances.

In this case, the General Sessions Court did not have the statutory authority to consider Plaintiff's motion for Rule 60.02 relief because she did not file the motion within ten days of the entry of the judgment dismissing her complaint with prejudice.

Tenn. Code Ann. § 16-15-727(b).[1] We acknowledge that Plaintiff did not receive notice that her complaint had been dismissed with prejudice within ten days of the entry of the judgment. The statute simply does not provide an avenue for relief in such cases.[2]

Plaintiff's only avenue for relief was dependent upon the application of Rule 60.01 as limited by Tennessee Code Annotated section 16-15-727(a). Rule 60.01 provides, in its entirety, as follows:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Rule 60.01, in its entirety, "is designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows facially that it contains errors arising from oversight or omission." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). We agree with Defendant that the legislature amended Tennessee Code Annotated section 16-15-727(a) to specifically provide that the General Sessions Court may only correct clerical mistakes, not errors arising from oversight or omissions. This court has defined clerical mistakes as "mechanical errors of computation or copying." *Zeitlin v. Zeitlin*, 544 S.W.2d 103, 108 (Tenn. Ct. App. 1976). The judgments at issue do not reflect mechanical errors of computation or copying even when viewing the record in its entirety. Accordingly, Plaintiff was also not entitled to Rule 60.01 relief.

With all of the above considerations in mind, we conclude that the Circuit Court did not err in denying the motion to set aside the December 2013 judgment and in dismissing the appeal. In so concluding, we must acknowledge that Plaintiff also raised various issues relating to her interaction with the courts and court personnel in Sevier

---

[1] Plaintiff claims that the "reasonable time" limits provided in Rule 60.02 of the Tennessee Rules of Civil Procedure apply. Plaintiff is mistaken. The General Sessions Court's authority to consider her motion was limited by the time restraints contained in Tennessee Code Annotated section 16-15-727(b).

[2] Plaintiff claims that the judgment was not effective pursuant to Rule 58 of the Tennessee Rules of Civil Procedure. Plaintiff is mistaken. As previously stated, the Tennessee Rules of Civil Procedure do not apply to the General Sessions Court unless specifically provided for by statute or in the limited circumstances listed in Rule 1 of the Tennessee Rules of Civil Procedure. Defense counsel was also not required to provide notice to Plaintiff.

County. While we are sympathetic with Plaintiff's plight and her frustration, these issues have no bearing on the success of her appeal in this court.


## V.    CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded to the trial court for further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Linda Hanke.


_____
JOHN W. McCLARTY, JUDGE